MURRELL vs. THE STATE.

[INDICTMENT FOR MURDER.]

1. *Escape of accused during trial, when may be given in evidence.*—The escape of the accused from custody during a criminal trial is evidence of guilt, which may be given in evidence against him on a second trial upon the same indictment and for the same charge, when it appears that there was no other reason for the escape than a fear of conviction on the first trial. But such evidence is not conclusive.

APPEAL from Circuit Court of Madison.
Tried before Hon. W. J. HARALSON.

The facts appear in the opinion.

WALKER & BRICKELL, for appellant.—1. The evidence admitted was irrelevant and illegal. Its direct tendency, and the only object of its introduction, was to prejudice the mind of the jury against the appellant, because of his

7

commission of another offense than that with which he was charged. The offense with which he was charged was committed prior to the spring term, 1866, of the court, when the indictment was found. The evidence offered and admitted against his objection was, that at the spring term, 1870, four years afterwards, while on trial of this indictment, and while the jury were deliberating on a verdict, he escaped. Flight or escape, immediately on the discovery or accusation of crime, is evidence against the party accused or suspected, but in such case *there is in point of time* a connection between the flight or escape and the crime. Here there was no such connection. " Flight as a criminative circumstance, depends materially upon the *time* when it takes place."—Burr. on Cir. Ev. 474.

2. This evidence was not only irrelevant—not having any connection with, or tending to elucidate the main fact to be proved, the appellant's guilt of the killing of Arthur Brown—but its obvious tendency was to prejudice the jury, by placing the appellant in the odious attitude of a man who, charged with a capital offense, adds to that another criminal offense—an escape from the custody of the sheriff. The case of *Boles v. The State*, 24 Miss. 456, though not precisely in point, in principle covers this case.

ATTORNEY-GENERAL, *contra.*—I. The conduct of the accused before, at the time of, and after the perpetration of the crime, can always be regarded by the jury.—Burr. Cir. Ev. 280, 401.

II. The flight of the prisoner is a circumstance indicating a consciousness of guilt. The weight which the jury will give to the evidence of such a fact will depend somewhat upon the time of the flight and its concomitants. If it occurred before accusation, it would be almost a confession. "*Fatetur facinus qui judicium fugit.*" If it took place afterwards, the fact should be submitted to the jury. It is a part of the conduct of the accused after the commission of the crime, which it is always proper to prove. Roscoe Cr. Ev. 18 ; *Martin and Flynn v. The State*, 28 Ala.

Murrell v. The State.

71–81; *Johnson v. The State*, 17 Ala. 618–24; *The People v. Rathbun*, 21 Wend. 509–48; Burr. Cir. Ev. 469, *et seq.*

PETERS, J.—William Murrell, the appellant, was tried in the circuit court of Madison county upon a charge of murder, at the spring term of said court, in the year 1871. The trial terminated in a conviction for manslaughter in the first degree, and the accused was sentenced to confinement in the penitentiary for five years. From this sentence he appeals to this court, and here assigns the matters set forth in the bill of exceptions for error.

The bill of exceptions shows that there had been a former trial of the accused on the same indictment, in said circuit court, on the same charge, in the year 1870, when the jury failed to agree, and there was a mistrial. On the trial in this case in the court below, the learned judge presiding permitted the State to offer evidence that on the former trial, after the " evidence was heard, the cause argued, the jury charged and retired to consider of their verdict, and while the jury were deliberating, the defendant made his escape, and after the adjournment of the court he was again arrested." To this evidence the defendant objected, but his objection was overruled, and the evidence was permitted to go to the jury. It is now insisted that this was error.

The escape was an attempt to flee, and it had reference to the charge in this case. Flight, in a criminal prosecution, is one of the most common grounds for a presumption of guilt. And when the flight is connected with the offense charged and for which the accused is on trial, it is an act that indicates fear, and this fear points to guilt. Acts speak as well as words, and they are to be interpreted by the common experience of mankind. And a flight is universally admitted as evidence of the guilt of the accused, though it is not conclusive.—*Johnson v. The State*, 17 Ala. 618, 624; *Martin and Flinn v. The State*, 28 Ala. 71, 81; *Foxley's Case*, 5 Co. 109b; Burr. Cir. Ev. 472; Rosc. Ev. 17, and notes; McNally Ev. 577. Here the attempt was to flee, and to flee from this charge. The above

authorities very clearly show that the action of the learned judge in the circuit court was free from error.

The judgment of the circuit court is therefore affirmed.