# Thomas *v.* The State.

### *Indictment for Night-Walking.*

1. "*Night-walker*"; *when indictable.*—At common law, a night-walker was held to be a suspected person, rather than a criminal, and might be arrested, and kept in custody until the next morning, and then taken before a magistrate for examination, and required to find sureties for good behavior; but was not indictable, unless upon the further charge of some unlawful purpose or intent; and this principle of the common law, in the absence of a statute changing it, is of force here.

2. *Same; sufficiency of indictment.*—An indictment which charges that the defendant, a woman, "was a common night-walker, and did walk and ramble in the streets and common highways at unseasonable hours of night, without having any lawful business, and without any necessity therefor, against good morals and good manners, to the common nuisance of all good people of said county," &c., does not contain a sufficient charge of an evil or unlawful purpose, and will not support a conviction.

FROM the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The indictment in this case contained only one count, which charged that the defendant, Celia Thomas, "before

[Thomas v. The State.]

the finding of this indictment, was a common night-walker, and did walk and ramble in the streets and common highways at unseasonable hours of night, without having any lawful business, and without any necessity therefor, against good morals and good manners, to the common nuisance of all good people of the county; against the peace," &c. The defendant demurred to the indictment, on the ground that it did not state any offense known to the law. The court overruled the demurrer, and held the indictment sufficient. There was a motion in arrest of judgment on the same ground, which was also overruled. Exceptions were reserved by the defendant to these rulings of the court, and they are here urged as error.

JNO. GINDRAT WINTER, for the prisoner.

JNO. W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—A night-walker, simply as such, seems, by the old English law, to have been held to be a suspected person, rather than a criminal, and to be therefore liable to be arrested, and kept in custody until the next morning, and then to be taken before a magistrate for examination, who might require him or her to find sureties for good behavior, if under the circumstances that were thought proper.—1 Burns' Justice, 942, title "Eves droppers"; 3 Hawk. Pl. of the Cro. (7 Eng. ed. by Leach), 64, § 20 ; 2 Ib. 14. § 4; *Lawrence v. Hedger*, 3 Taunt. 14.

A common night-walker was sometimes liable to indictment also.—3 Hawk. 78, § 64. But this was allowed, we presume, upon a further charge that he or she was a night-walker with some criminal or unlawful purpose or intent—as, for instance, to eve-drop men's houses, "to hearken after discourse, and thereupon to frame slanderous and mischievous tales;" "or to cast men's gates, carts, or the like, into ponds, or commit other outrages or misdemeanors in the night" (1 Burns' Justice, *ubi supra*) ; or "a woman walking up and down the streets to pick up men," for lewd intercourse.—*Lawrence v. Hedger, supra.*

2. In *State v. Dowers* (45 N. H. 543), an indictment was sustained, which charged that the defendant, a woman, "was a common night-walker, and from the said tenth day of July to the day of filing the complaint, during divers nights within the time aforesaid, did walk and ramble in the streets and common highways in the said city of Portsmouth, at unseasonable hours of said nights, without having any lawful business, and without any necessity therefor, against good mor-

als and good manners." This was more particular in charging circumstances tending to show a misdemeanor, than the indictment before us is; and the offense, it appears from the opinion of the court, was one declared to be such by statutes of New Hampshire. In this State, we have no statute on this subject; and recourse must be had to the common law for support of the indictment in this cause. We think that, according to it, there is not a sufficient charge of an evil or unlawful purpose in this indictment.

Judgment reversed, and cause remanded.