# Stokes *v.* The State.

*Indictment for Night-Walking.*

1. *Constituents of offense.*—Night-walking is punishable as a nuisance at common law; and a conviction may be had against a woman as a night-walker, on proof that she strolled through the streets, without necessity, at unreasonable hours of the night, for the purpose of enticing men to her room for lewd purposes, although she did not go far from her house, and was not actuated by the desire to make money, or the love of gain.

FROM the City Court of Montgomery.

[Stokes v. The State.]

Tried before the Hon. THOS. H. ARRINGTON.

The appellant in this case, Nora Stokes, was indicted, tried and convicted of the offense of being a night-walker. The indictment contained four counts. The first three counts charged her with being a vagrant, a common prostitute, and a common drunkard. The fourth count, and the only one upon which a conviction was asked, was in words as follows: "The grand jury . . further charge that . . . Nora Stokes was a common night-walker, and did walk and ramble in the streets and common highways in the city of Montgomery, in said county and State, at unreasonable hours of night, without having any lawful business, and without any necessity therefor, for the unlawful purpose of picking up men for lewd intercourse; against good morals and good manners, to the common nuisance of all good people of the county, against the peace," &c.

On the trial of the case, as is shown by the bill of exceptions, the State introduced evidence tending to show that the defendant occupied a house on the West side of Court street in the city of Montgomery, which was in the rear of a grocery store owned by one O'Rear, in which liquors were also sold; that the only entrance to this house occupied by her was by a narrow alley-way; that she had been seen on the streets at late hours of the night, and at other times in the bar-room in the back of the said store, and on the street and in the alley-way talking to men; and had also been seen to walk away with men down the alley to her house, after talking to them on the street or in the alley; and that she had been seen drinking with people in the said bar-room. The testimony introduced by the defendant in her own behalf tended to show that she kept a boarding-house for railroad hands; that she went to the said store for the purpose of getting her supplies from day to day; that on Saturday nights, when she went to said store, the proprietor, knowing that she was a regular customer, would have her to wait until the other customers were waited on, ond would then wait on her; that she never walked around the streets promiscuously; had never been very far away from her house and the said store; and that she did not pick up men along the streets for the lewd purpose of sexual intercourse.

Upon the introduction of all the evidence, the court, at the request of the State, gave the following written charges: (1.) "Under the last count of the indictment, where the defendant is charged with walking and rambling the streets, it is not necessary for the State to show that she walked over any extended area of the streets of the city; but, if she walked the

street from her house to O'Rear's store, or the street in front of said store, at the times for the unlawful purpose mentioned in said count of the indictment, this would be sufficient." (2.) "It is not necessary, under the fourth count of this indictment, under which a conviction is sought in this case, that the State should show that she was a common drunkard, or that she had no employment, or that she had no visible means of support; it is only necessary for the State to show that she walked the street at unreasonable hours, without having any business to be attended to at the time, and without necessity, for the unlawful purpose of picking up men for lewd intercourse; and if the jury are satisfied, beyond a reasonable doubt, that she did this, in this county, and within twelve months before the finding of the indictment, they must convict her." The defendant duly excepted to the giving of both of these charges, and also to the court refusing to give each of the following charges requested by her in writing: (1.) "Unless the jury believe from the evidence that the defendant walked or rambled the streets of Montgomery, for unlawful purposes, and in order to pick up men for sexual intercourse for gain, then the jury must find the defendant not guilty." (2.) "If the jury believe all the evidence in this case, they must find the defendant not guilty."

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of the offense of night-walking. A night-walker has been defined to be one who has a habit of being abroad at night for the purpose of committing some crime, of disturbing the peace, or doing some wrongful or wicked act. Night-walking, at common law, is a common nuisance.—1 Bishop Cr. Law, (7th Ed.) § 502, and note. Night-walkers are persons who stroll the streets at night for immoral purposes, or, as charged in the indictment, "for the unlawful purpose of picking up men for lewd intercourse;" and are indictable at common law.—2 Whart. Cr. Law, § 1446. Persons who eaves-drop men's houses, "to hearken after discourse, and thereupon to frame slanderous and mischievous tales, to cast men's gates, carts, and the like," are night-walkers.—*Thomas v. State*, 55 Ala. 260. The expectation of gain is not an essential ingredient to constitute the offense of "night-walking," and the refusal of the trial court to give a charge which asserted this proposition, was correct.

The evidence fully warranted the charges given at the request of the solicitor. The sufficiency of the evidence was a question for the jury.

Affirmed.