# Williams *v.* The State.

*Indictment for Night Walking.*

1. *Evidence of circumstances tending to prove offense charged.*—On trial upon indictment for night walking, evidence is admissible to show that the defendant had been seen at a bar-room of low repute, at night, talking to men there, and had been seen at other places at night that compromised her claim to virtue, as having some tendency to prove the offense charged.

2. *Defendant as voluntary witness; may be required to stand up*—A defendant who introduces herself as a witness in her own behalf, and states her age at twelve or thirteen years, may be required on cross-examination by the State, to stand up before the jury that they may judge of her age from her personal appearance.

3. *Charge; instructions that single out particular fact may be properly refused*—A charge asked for the defendant "that the proof of the youth of defendant might be weighed by the jury as a circumstance in favor of her innocence," though asserting a correct proposition, was refused, without error, as it singled out and gave undue prominence to a particular fact, to the exclusion of other facts to be considered by the jury.

FROM the City Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.

JOHN W. A. SANFORD, JR., for appellant.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—The constituents of the offense of night walking, with which defendant is charged, made essential by the averments of the present indictment, are that defendant "was a common night walker, and did walk and ramble in the streets and common highways in the city of Montgomery, Alabama, at unseasonable hours of night, without having any lawful business and without any necessity therefor, for the unlawful purpose of picking up men for lewd intercourse, against good morals and good manners, to the common nuisance of all good people of said county." *Stokes v. State*, 92 Ala. 73.

The only evidence introduced by the State for the purpose of supporting this charge is the testimony of Murphy, a police officer, that he had seen defendant at O'Rear's bar at night in the city of Montgomery, and had seen her talking

[Williams v. The State.]

to men at that bar; that one night witness went to the house of Carrie Stoudenmire and found defendant and Carrie in bed with a man, and that the character of people who visited O'Rear's bar was that of prostitutes ; and the testimony of one Doran, that he had seen defendant in O'Rear's Bottom, and at a dance in O'Rear's, five or six months ago ; that tough people attended O'Rear's dances ; that the dance kept up as late as twelve o'clock ; that he had seen her in the streets going to and from O'Rear's bar, and coming from O'Rear's dance late at night, but not with any man ; that he saw her once talking to a man on O'Rear's corner. The proof further showed that O'Rear kept a general grocery store and bar under one roof, and that other people went there besides prostitutes, and that defendant was between twelve and thirteen years of age at the time of the alleged night walking.

The defendant, in a proper way, objected and excepted to each of the several facts testified to by the witness Murphy, and objected and excepted, also, to the statements of Doran that he had seen defendant in O'Rear's Bottom and at a dance in O'Rear's, five or six months ago, and that tough people attended O'Rear's dances. We think these several facts, taken in connection with the further testimony of Doran that he had seen defendant in the streets going to and from O'Rear's dance late at night, and that she had been seen talking to men on O'Rear's corner, had some tendency to prove the offense charged in the indictment. Although they may have been weak and inconclusive, they were circumstances which the jury had the right to consider for what they were worth. There was no error in admitting them.

The defendant introduced herself as a witness and testified touching the facts of the case, testifying, among other things, as to her age. Thereafter the solicitor requested the court to require her to stand facing the jury that they might determine as to her age from her appearance. The defendant objected. The court overruled the objection and required the defendant to rise and come round in front and facing the jury for their inspection, and defendant excepted to this ruling and requirement. It is contended that this was a violation of the constitutional provision, that the accused shall not be compelled to give evidence against himself. Sec. 7, Art. 1, Cons. It is very clear that if defendant had not voluntarily made herself a witness in the cause, as by the statute she was privileged to do, the action of the court would have been an invasion of the constitutional immunity

[Williams v. The State.]

above referred to. The principle is settled in the case of *Cooper v. State*, 86 Ala. 610. In *Clarke v. State*, 78 Ala. 474, and other subsequent cases, we held that the accused having voluntarily testified in his own behalf, in the cause, was subject to cross-examination like any other witness, touching all material facts within his knowledge. He will not be allowed to avail himself of the statutory privilege of becoming a witness merely to testify to such facts as he deems favorable to himself, or as he chooses to testify to, but, availing himself of the privilege, he will be required to disclose all facts within his knowledge material to the issue, although such facts may tend to criminate him. We can not perceive that the present question involves a different principle. The defendant had offered herself as a witness and had the benefit of all evidence she was able to give in her behalf. She had the benefit of her testimony touching her age, which became a material subject of inquiry before the jury. By merely standing and presenting herself before the jury, whereby the jury might observe her appearance and development, and was able to give some further testimony as to her age, and this is all the court required her to do. Such a requirement of a witness is not an unreasonable one. It subjects him or her to no indignity, and can not justly offend the most refined sensibility. The requirement being reasonable, and its effect being to furnish the jury with some additional evidence material to the question of age, and the defendant having voluntarily taken the benefit of all evidence she desired to give in her own behalf, it was but just that she be required to give this additional evidence by presenting herself before the jury for their inspection.

The court was requested by the defendant to instruct the jury that they might consider the defendant's age as a circumstance in her favor. The proposition is correct, and the instruction might have been given without error; but we have many times held that such instructions single out particular facts, which have to be considered by the jury, not alone, but in connection with the other evidence, and give undue prominence to the facts so singled out, and may for this reason be properly refused. The court did not err, therefore, in refusing this charge.

We find no error in the record, and the judgment is affirmed.