# Thomas *v.* The State.

*Indictment for Larceny from a Store-house.*

1. *Defendant offering himself as a witness.*—A defendant who introduces himself as a witness, when on trial for a criminal offense, may be compelled to disclose all he knows concerning the crime for which he is being tried, whether for or against him.

2. *Same; may be recalled after leaving stand.*—A defendant who has introduced himself as a witness, when on trial for a criminal offense, may, in the discretion of the court, be recalled by the prosecution and re-examined in chief, or further cross-examined, at any stage of the trial, and as often as the court may allow, as to any matter material for the jury to know.

3. *Evidence of flight.*—On a trial for larceny committed two years before defendant's arrest therefor, he may be asked on cross-examination, to show that he had fled after the larceny, if he did not say to the sheriff, on being arrested, that he had worked for two years in a foreign State.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

The defendant was indicted and tried for larceny from a store-house. After the State had introduced evidence tending to show that the defendant committed the offense with which he was charged the defendant introduced himself as a witness in his own behalf and after he had testified and left the witness stand and after the State had introduced other witnesses, the prosecution asked the court to have the de-

fendant recalled to the stand for further examination. To this request the defendant objected; the objection was overruled and the defendant was required to again take the witness stand. To this action of the court the defendant excepted.

After retaking the stand the defendant was asked by the prosecution if he did not tell Mr. Miller, the deputy sheriff, after he was arrested by said deputy, that he (the defendant) had been working in an oyster factory at Apalachicola, Florida, "off and on" for two years. The defendant objected to this question and the objection being overruled by the court, and the witness required to answer, the defendant duly excepted.

The defendant in answer to the question denied having made such statement to the deputy sheriff, and the latter was thereupon introduced by the prosecution and asked if the defendant did not make such statement to him. The defendant objected to the question and the objection being overruled and the defendant having duly excepted, the witness answered that the defendant did make such statement to him.

G. L. COMER, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—When a defendant, on trial for a criminal offense, introduces himself as a witness, he thereby offers to reveal all he knows material to the cause. He swears to tell the whole truth. He voluntarily removes the constitutional safeguard which would protect him from self-crimination, so far as concerns the crime for which he is being tried, and becomes as any other witness, and compellable to disclose all he knows, whether for or against him. These observations are in line with what we said in *Williams v. State,* 98 Ala. 52, as well as prior adjudications. Indeed, they are not disputed by appellant's counsel.

The trial of a cause is an entirety. The order in which witnesses may be examined is within the discretion of the trial court. A witness may be recalled and re-examined in chief, or further cross-examined, at any stage of the trial, and as often, as the court may allow. If the defendant, having made himself as any other witness, is compellable to testify to all he knows when first put upon the stand, there is no substantial reason why he may not be called to the stand a second time and compelled to do the same. It was

[Johnson v. The State.]

material for the jury to know that the defendant, in the present case, had fled to Florida and taken permanent abode there. The question objected to was to elicit proof of a previous confession which would tend to show such flight and abode, as was also that put to the witness, Miller.

There was no error in the ruling of the Circuit Court, and its judgment is affirmed.

Affirmed.