# Smith v. The State.

*Indictment for Murder.*

1. *Indictment for murder; admissibility of evidence.*—On a trial under an indictment for murder, where the evidence introduced tending to connect the defendant with the crime is mainly circumstantial, it is not competent for the widow of the deceased to testify that on Sunday night before the killing of her husband on Thursday, some one came to their house "after they had gone to bed, and knocked on the side of the house, but left without saying anything;" there being nothing

[Smith v. The State.]

in the evidence adduced tending directly or indirectly to connect the defendant with the occurrence and the crime.

2. *Same; same.*—On a trial under an indictment for murder, where the evidence tending to connect the defendant with the crime is partly circumstantial, it is permissible for a witness to testify that after the homicide he saw near the place of the killing some tracks, and that where the tracks left the place of the killing they looked like tracks of a person running, and as they went further on, such tracks looked like tracks made by a person walking.

3. *Defendant testifying for himself; cross examining and impeaching defendant.*—When a defendant in a criminal case elects to testify in his own behalf, he is subject to cross examination like any other witness and may be impeached by contradictory statements previously made by him; and this principle extends to declarations or statements made by the defendant which were excluded as evidence when offered by the State as confessions, because not shown to have been made voluntarily.

4. *Charge of court to jury; reasonable doubt.*—In the trial of a criminal case, a charge is erroneous which instructs the jury that "if they have a reasonable doubt growing out of any part of the evidence as to the guilt or innocence of defendant, he is entitled to the benefit of such doubt and should be acquitted."

5. *Same; same.*—In a criminal case, a charge requested by the defendant is properly refused as being argumentative which instructs the jury that "before they can convict the defendant they must be satisfied to a moral certainty not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of defendant's guilt that they would each venture to act upon that decision in matters of highest concern and importance to his own interest, then they must find the defendant not guilty."

6. *Same; charge as to credibility of witness.*—A jury is not required to pass on the credibility or truthfulness of statements made by one who is subsequently examined as a witness, and which are given in evidence merely by way of contradicting and thereby impeaching his credibility as a witness; and charges which instruct the jury to the contrary are properly refused as being misleading.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. JOHN MOORE.

The appellant in this case, Frank Smith, was indicted, tried and convicted for the murder of Bob Davidson and was sentenced to be hanged.

The evidence tending to connect the defendant with the killing of Bob Davidson was partly circumstantial. The killing occurred about dark. There was evidence for the State tending to show that near the place of the killing there were found tracks which corresponded more or less with the defendant's tracks.

The defendant was introduced as a witness in his own behalf. During the cross examination of the witness by the solicitor, he was asked the following question: "Didn't you tell J. M. Smith, in Greenville jail, about 3 days after you were arrested, you would tell him all about it after you heard from Mr. Tom Kendrick, or words to that effect—or to wait until you saw Mr. Kendrick, and you would then tell him all about it?" The defendant objected to this question, because it called for a statement by the defendant, which, with other statements made by him at the same time, had been offered in evidence by the State as a confession on the part of the defendant, and which had been excluded by the court because not shown to have been voluntarily made. The court overruled the objection and the defendant duly excepted.

The defendant as a witness answered that he did not make any such statement. The defendant was then asked by the State if he did not make statements to different witnesses which tended to connect him with the crime? The defendant objected to each of these questions, upon the ground interposed to the question above set out, and also upon the further ground that it called for incompetent, inadmissible and irrelevent evidence. The court overruled each of these several objections, and to each of these rulings the defendant separately excepted.

J. M. Smith was introduced as a witness for the State in rebuttal, and testified that the defendant did make the statement to him while in jail, which the defendant denied having made. There were other witnesses intro-

duced by the State in rebuttal, who testified to the defendant having made several statements to them, respectively, which the defendant denied having made, in his cross examination.

The other facts of the case relating to the rulings of the trial court upon the evidence are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that if they have a reasonable doubt growing out of any part of the evidence, as to the guilt or innocence of defendant, he is entitled to the benefit of such doubt and should be acquitted." (10.) "The court charges the jury that before they can convict the defendant they must be satisfied to a moral certainty not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of defendant's guilt that they would each venture to act upon that decision in matters of highest concern and importance to his own interest, then they must find the defendant not guilty." (16.) "The court charges the jury that if they find from the evidence that a confession would not have been made but for the influence of hope or fear excited in the mind of defendant, held out or made by a person or persons in authority, they may look to these circumstances under which such confession was made to aid them in the conclusion as to its truth." (19.) "The court charges the jury that if in view of all the evidence they are not satisfied that a confession was made freely, voluntarily or intelligently, or if it is not harmonious and consistent with the other evidence, it should be rejected as wanting in credibility, or as not entitled to weight in determining the question of guilt or innocence." (22.) "The court charges the jury that before they can convict the defendant upon a statement made by him, they must believe that he made said statement, that it is true in fact, that it is consistent with the other evidence, and was voluntarily and intelligently made."

NORMAN D. GOLDBUG, for appellant.—Witness Lulu Davidson should not have been allowed to testify to an occurrence which took place four days before the killing and was not connected in any way with the defendant nor with the other evidence in the case. It was unjust to the defendant, and he was injured thereby.—*Gassenheimer v. State*, 52 Ala. 313; *Governor v. Campbell*, 17 Ala. 566.

The court erred in allowing witness Morgan Andrews to give an opinion; he should have described the tracks, their distance apart, etc., and then the question should have been left to the jury without witness' opinion.—*Livingston v. State*, 105 Ala. 127; *Bushby v. State*, 77 Ala. 66; *Terry v. State*, 118 Ala. 79.

The court erred in requiring defendant to answer questions which called for *prima facie* involuntary confessions. The charges requested by the defendant should have been given.—*Clarke v. State*, 72 Ala. 474; *Brown v. State*, 108 Ala. 18; *Pickens v. State*, 115 Ala. 42; *Burton v. State*, 107 Ala. 108.

MASSEY WILSON, Attorney-General, for the State. The testimony of the witness Lulu Davidson, to which the defendant objected, was of little weight for or against the defendant. The objection of the defendant being a general one, and the testimony not being *prima facie* inadmissible, was properly overruled.—*Gunter v. State*, 111 Ala. 23.

The statement of the witness Andrews, to which the defendant objected, was properly admitted. It was a shorthand rendering of facts to which a witness may testify.—*Carney v. State*, 79 Ala. 14; *S. & N. R. Co. v. McClendon*, 63 Ala. 266, 275.

The defendant having elected to testify in his own behalf was subject to impeachment as other witnesses, by the introduction by the State of the proper predicate therefor of evidence of contradictory statements previously made by him. For this reason the objections of the defendant to the testimony of the witnesses Smith, Harlor, and Atkins, were all properly overruled.—*Hicks v. State*, 99 Ala. 169; *Williams v. State*, 98 Ala. 52;

*Cotton v. State,* 87 Ala. 103; *Clarke v. State,* 78 Ala. 474; s. c. 87 Ala. 71.

Charge number 1 was properly refused.—*Nicholson v. State,* 117 Ala. 32; *Line v. State,* 124 Ala. 1, 7. Charge number 10 was held bad in the case of *Amos v. State,* 123 Ala. 50.

SHARPE, J.—Defendant was convicted on an indictment charging him with the murder of Bob Davidson. On the trial it was shown that the deceased was killed by a shot fired about dark on Thursday evening when he was near his house, and at a lot where he had gone to attend to his mules. The evidence introduced to connect the defendant with the crime was mainly circumstantial. Against defendant's objection, Lulu Davidson, widow of deceased, was allowed to testify as recited in the bill of exceptions "that some one came to their house on the Sunday night before the killing after they had gone to bed and knocked on the side of the house, but left without saying anything when Bob got up to see who it was." In the record there is nothing tending either directly or inferentially to connect the defendant with the occurrence so testified about. Had there been evidence tending to show the deceased had on the occasion of the shooting been decoyed from his house by a knocking on the house or other similar means, it may be that the mere coincidence could have furnished an inference of identity as between the person who did the knocking and the slayer, and therefore an inference that the shooting was in consummation of a previously formed and continuing murderous intent. But there is here a lack of evidence of that character. The testimony so objected to was irrelevant. Its admission was error which may have been prejudicial to defendant, and consequently the judgment must be reversed.

It was permissible for the witness Andrews to testify that a track he saw on Saturday after the shooting and which led from defendant's barn along a field and ditch towards defendant's house, looked, where it left the barn, like the track of a person running, and in the field, looked like the person was walking. These statements were not of opinion merely but were descriptive

of facts. See *Perry v. State,* 87 Ala. 30; *Watkins v. State,* 89 Ala. 82.

Decisions of this court have established that a defendant in a criminal case, by exercising the privilege given him by the statute of testifying, waives the constitutional right to protection against compulsion to give evidence against himself and becomes subject to cross-examination and impeachment as are other witnesses. *Clarke v. State,* 78 Ala. 474; *Thomas v. State,* 100 Ala. 53; *Williams v. State,* 98 Ala. 52. This principle was in *Hicks v. State,* 99 Ala. 169, applied as authorizing the State by way of impeaching a defendant as a witness to make proof of confessions not shown to have been voluntary. The court's action in permitting the State to inquire of, and to adduce evidence of, the statements objected to as confessions, was in accordance with what was held in the cases above referred to, and was not erroneous.

The charges refused to the defendant were each bad. Charge number one would have tended to mislead the jury to acquit on a reasonable doubt arising from part of the evidence though consideration of the evidence as a whole might have dispelled such doubt.—*Liner v. State,* 124 Ala. 1; *Nicholson v. State,* 117 Ala. 32. Number ten is argumentative. It is in the terms of other charges that have been condemned by decisions of this court.—See *Amos v. State,* 123 Ala. 50; *Rogers v. State,* 117 Ala. 9. The jury is not required to pass on the credibility or truth of statements made by one who is subsequently examined as a witness and which are given in evidence merely by way of contradicting and thereby impeaching his credibility as a witness. The contrary is implied by the terms of refused charges 16, 19 and 22, and in that respect those charges are misleading.

Reversed and remanded.