# Wilson v. The State.

## Murder.

(Decided June 15, 1915. 69 South. 295.)

1. *Homicide; Evidence; Sufficiency.*—The evidence in the case examined and held sufficient to require a submission to the jury of the guilt or innocence of defendant.

2. *Same; Flight.*—Where defendant was present at the killing and immediately fled and attempted to conceal his identity, his flight may be taken as an admission of guilt tending to rebut his testimony of innocence.

3. *Same; Verdict.*—If defendant aided and abetted another in murdering deceased, he is just as responsible as if he had actually done the deed.

4. *Charge of Court; Directing Verdict.*—Where the evidence is such as prima facie to overcome the presumption of innocence, defendant is not entitled to a directed verdict.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Bill Wilson was convicted of murder in the second degree and he appeals. Affirmed.

RIDDLE & ELLIS, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

THOMAS, J.—The defendant, Bill Wilson, was separately tried for, and convicted of, murder in the second degree under an indictment charging him and one Nunn Bell jointly with the murder of one Pearlie Tyas. The evidence for the state as to his guilt was entirely circumstantial, and tended to show the following facts: The deceased, Pearlie Tyas, at the time he was killed, lived in one room of a two-roomed house, which room had a front and rear door, and which was separated from the

adjoining room by a wall. The noise of the shooting of a pistol in this room, so occupied by deceased, was heard by the state's witnesses, one of whom lived in the adjoining room, and the other of whom lived just across the road. Immediately after the pistol was so heard to fire in the said room of deceased, two persons were seen by said witnesses to run out of said room, one by the front, and the other by the rear door, both of whom were then recognized by the said witnesses, or by one of them, as being, respectively, the defendant here and his co-defendant, Nunn Bell, and each of whom immediately fled from that community, where they had resided up to that time, for parts unknown. The state's witnesses mentioned, directly after hearing the noise of the explosion in deceased room of the pistol shot mentioned, and directly after seeing defendant and his co-defendant, said Nunn Bell, so coming out of said room and running away, entered said room, where they found no other person present except deceased, who was unconscious as the result of a pistol shot wound, which had entered just above his left eye, and from the effects of which he shortly thereafter died. This was substantially all the evidence for the state, except it appeared therefrom that defendant, in running away from deceased's house immediately after the shooting, endeavored to conceal his identify by replying, when asked as to whom he was by one of the state's witnesses, whom he passed in his hurry, as follows, "This is Jim," whereas, in truth, and in fact, he was "Bill Wilson," the defendant.

Defendant as a witness for himself, which was the only substantial testimony offered in his behalf, testified that he did not do the shooting himself, and that he did not aid or abet in it, but that his co-defendant, Nunn Bell, did it, and that there was no conspiracy whatever between them. He admitted, however, that the shooting

was done with his pistol, explaining as to how Nunn Bell came at the time into the possession of such pistol by saying that Nunn Bell, deceased, and he had all three at' deceased's house been engaged in a crap game, and that he (defendant), having lost all his money in such game, thereupon pawned and delivered to Nunn Bell his said pistol for a loan of further money with which to continue in the game, and that after also losing this borrowed money he (defendant) quit the game, and was merely sitting by, looking at deceased and Nunn Bell play when the two got into a dispute over who won the money on the last throw of the dice, and that said dispute wound up by Nunn Bell shooting deceased, whereupon defendant admitted that both he and Nunn Bell fled for parts unknown, as said.

The state's witnesses testified, in rebuttal, that they, upon entering deceased's room, immediately after the shooting and the flight, saw no dice anywhere.

(1) At the conclusion of the evidence the defendant requested the general affirmative charge and a number of special charges asserted, in substance and effect that if the jury believed that defendant did not actually do the shooting, then they could not find defendant guilty, each of which charges was therefore the equivalent of an affirmative instruction that defendant was not an aider or abettor in the crime.

The circumstances as proved by the state were such, if the state's evidence was believed by the jury, as to afford a reasonable inference that defendant either did the shooting himself or aided or abetted Nunn Bell in doing it, and were sufficient to exclude, if believed, every other reasonable theory except one or the other as named, unless the jury believed defendant's testimony.

(2) The defendant's flight itself, under the circumstances as disclosed by the state's evidence, if believed

by the jury, might be interpreted by them as in the nature of an admission on his part that he had some criminal connection with the killing. It therefore, in connection with the other circumstances, afforded bases for an inference of his guilt, which tended to rebut his testimony as to his innocence.—*Campbell v. State,* 23 Ala. 44; *Murrell v. State,* 46 Ala. 89, 7 Am. Rep. 592; *Bowles v. State,* 58 Ala. 335; *Carden v. State,* 84 Ala. 417, 4 South. 823; *Elmore v. State,* 98 Ala. 12, 13 South. 427; *Thomas v. State,* 100 Ala. 53, 14 South. 621.

(3) If he either actually perpetrated the crime or in any way aided and abetted Nunn Bell in its perpetration, he would be equally guilty.—*Smith v. State,* 8 Ala. App. 193, 62 South. 575; *Henderson v. State,* 11 Ala. App. 42, 65 South. 721; *Givens v. State,* 8 Ala. App. 126, 62 South. 1020.