## PRUITT v. STATE. (6 Div. 211.)

(Court of Appeals of Alabama. June 26. 1923.)

1. Criminal law ⊙⇒798(1)—Instruction in manslaughter case properly refused as tending to obstruct deliberation among jurors.

In a prosecution for manslaughter, it was not error to refuse to charge that, "if the minds of the jury, or single juror, after considering the evidence, be in a state of uncertainty and confusion as to whether or not defendant is guilty, then she should not be convicted of any offense;" such charge being calculated to impress the jurors with the idea that the verdict must be reached without deliberation with fellow jurors.

2. Criminal law ⊙⇒766—Homicide ⊙⇒300(12)—Instruction properly refused as failing to set out constituent elements of self-defense.

In a manslaughter case, it was not error to refuse to instruct that, if defendant was free from fault in bringing on the difficulty, and if defendant shot deceased in self-defense, defendant must be acquitted; such charge being faulty in failing to set out the constituent elements of self-defense and in submitting to the jury the question of law as to what constitutes self-defense.

3. Criminal law ⊙⇒829(1)—Charges substantially covered by oral charge properly refused.

In view of Acts 1915, p. 815, it is not error to refuse a charge fairly and substantially covered by the oral charge of the court.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Minnie Pruitt was convicted of manslaughter in the first degree, and she appeals. Affirmed.

John W. Altman, of Birmingham, for appellant.

Counsel argue for error, but cite no authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charges 1 and 2 were defective, and properly refused. Battles v. State, 18 Ala. App. 475, 93 South. 64; Hale v. State, 122 Ala. 89, 26 South. 236; Troup v. State, 160 Ala. 125, 49 South. 332; Diamond v. State, 15 Ala. 33, 72 South. 558; Brown v. State, 18 Ala. App. 284, 92 South. 16; Ex parte State (White v. State) 210 Ala. 8, 97 South. 236.

FOSTER, J. The defendant appellant was convicted of manslaughter in the first degree.

There is no recital in the bill of exceptions that it contains all of the evidence. The only questions presented for review are the refusal of charges 1, 2, and 3.

[1] Refused charge 1 reads as follows:

"If the minds of the jury, or a single juror, after considering the evidence, be in a state of uncertainty and confusion as to whether or not the defendant is guilty, then she should not be convicted of any offense."

This charge was bad, in that it was calculated to impress the mind of a juror with the idea "that his verdict must be reached and adhered to without the aid of that consideration and deliberation with his fellow jurors which the law intends shall take place in the jury room." Hale v. State, 122 Ala. 89, 26 South. 237; Cunningham v. State, 117 Ala. 59, 23 South. 693; Troup v. State, 160 Ala. 125, 49 South. 332; Diamond v. State, 15 Ala. App. 33, 72 South. 558.

[2] Refused charge 2 is as follows:

"If you believe from all the evidence in this case that the defendant was free from fault from bringing on the difficulty, and if you further believe that the defendant shot the deceased in self-defense, then you must find the defendant not guilty."

This charge was faulty, in that it fails to set out the constituent elements of self-defense, and that it submits to the jury to determine as a question of law what constitutes self-defense. Lawman v. State, 207 Ala. 419, 93 South. 69; Miller v. State, 107 Ala. 40, 19 South. 37; Hendley v. State, 200 Ala. 546, 76 South. 904.

[3] Refused charge 3 is fairly and substantially covered by the oral charge of the court; hence there was no reversible error in refusing it. Acts 1915, p. 815; Vann v. State, 207 Ala. 152, 92 South. 182; Peagler v. State, 207 Ala. 586, 93 South. 536.

The record is free from error. The judgment of the circuit court is affirmed.

Affirmed.