## WHITFIELD v. STATE.    (8 Div. 66.)

(Court of Appeals of Alabama.   June 30, 1923.)

**1. Criminal law ⬯829(12)—Requested charges held fairly and fully covered by oral charge.**

In a prosecution for manufacturing prohibited liquors, requested charges to acquit if defendant was merely present at a still *held* fairly and fully covered by the court's oral charge that defendant's mere presence thereat, unless he was participating in the running of it, etc., would not be sufficient to convict him.

**2. Criminal law ⬯753(2)—Affirmative charge for defendant properly refused where evidence is conflicting and sufficient to sustain conviction.**

Where the evidence is conflicting and there is enough to sustain a conviction, the affirmative charge for defendant is properly refused.

**3. Intoxicating liquors ⬯236(19)—Conviction of manufacturing sustained.**

Evidence *held* sufficient to sustain a conviction of manufacturing prohibited liquors.

**4. Criminal law ⬯1173(3)—Refusal of affirmative charge for defendant as to count on which he was acquitted not reversible error.**

Refusal of the affirmative charge for defendant as to a count on which he was acquitted is not reversible error, not being injurious to him.

**5. Intoxicating liquors ⬯238(2)—Possession of still held for jury.**

Where the evidence as to defendant's possession of a still was conflicting, the question of his guilt vel non was properly submitted to the jury.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Joe Whitfield was convicted of manufacturing prohibited liquors, and appeals. Affirmed.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel argue that no error was committed in the refusal of requested charges.

FOSTER, J. The defendant, appellant, was convicted of manufacturing prohibited liquors.

The evidence for the state was directed to showing that the defendant and one Will Smoot were found at a still containing beer used for making whisky; there was fire under the furnace; the still had been run before; there were about 300 or 400 gallons of beer there of the kind used in making whisky; the whisky was about ready to run from the still; that defendant was in about 10 steps of the still cutting wood of the same kind that was burning under the furnace; that Will Smoot was putting the cap on the still; that when the officers came up the defendant ran, going about a mile before they caught him. After laying the proper predicate to show that the statement of defendant was voluntarily made, a witness for the state testified that defendant said to him at the time of his arrest, that "Smoot got him to cut the wood to help make the run with there."

The defendant denied any connection with the operation of the still.

[1] The court charged the jury orally in part as follows:

"The mere presence of the defendant at a still, unless he was participating in the running of it, doing something in the furtherance or aid of the manufacture of whisky, would not be sufficient to convict him."

Charges 1, 2, 3, 4, and 5 called for an acquittal of the defendant if he was merely present at the still without more, and were fairly and fully covered by the oral charge of the court.

[2, 3] Charge 6, the affirmative charge for the defendant as to the first count of the indictment, was properly refused, as there was a conflict in the evidence, and there was ample evidence to sustain the judgment of conviction.

[4, 5] Charge 7 is the affirmative charge for defendant as to the second count, and was properly refused.

The defendant, having been convicted as charged in the first count, was acquitted on the charge of possessing a still as charged in the second count, and was therefore not injured by the refusal of this charge. Furthermore, there was a conflict in the evidence, and the question of the guilt vel non of defendant under the second count was properly submitted to the jury.

The record is free from error, and the judgment of the circuit court is affirmed.

Affirmed.