(101 So. 482)

### PARMER v. STATE. (6 Div. 395.)

(Court of Appeals of Alabama. June 17, 1924. Rehearing Denied Aug. 19, 1924.)

**1. Intoxicating liquors ⬠238(1) — Whether land on which beer, etc., were found was defendant's held, for jury.**

Whether land on which beer, parts of still, etc., were found, was defendant's *held* for jury.

**2. Intoxicating liquors ⬠233(2) — Evidence that jug of whisky was found near defendant's house held competent.**

Evidence that jug of whisky was found in defendant's field 100 or 150 yards from his house *held* competent on trial for manufacturing liquor and possessing still.

**3. Intoxicating liquors ⬠233(2)—Evidence of possession held relevant to show manufacture by defendant.**

Evidence of possession of whisky *held* relevant to show manufacture and defendant's connection therewith.

**4. Criminal law ⬠338(1)—Test of relevancy of evidence stated; "pertinent hypothesis."**

Test of relevancy of evidence is whether it conduces to proof of "pertinent hypothesis," which is one which would logically influence issue, if sustained.

[Ed. Note.—For other definitions, see Words and Phrases, Pertinent Hypothesis.]

---

**5. Intoxicating liquors ☞233(2)—Evidence of possession admissible on trial for manufacture and for possessing still, notwithstanding previous conviction of possession.**

Evidence of possession of whisky is admissible on trial for manufacture thereof and possession of still, though defendant was previously convicted of possessing same whisky; making of whisky and its possession after manufacture and removal from still being separate and distinct offenses, for each of which defendant may be convicted.

**6. Criminal law ☞351(3), 552(1)—Evidence of flight after arrest and before day of trial admissible.**

Evidence of flight after arrest and on night before day of trial *held* admissible in connection with other evidence of guilt; weight thereof depending on motive prompting flight.

**7. Intoxicating liquors ☞238(1)—Evidence of manufacture and possessing still held sufficient for jury.**

Evidence *held* sufficient to take to jury questions of defendant's guilt vel non of manufacturing prohibited liquors and possessing still.

**8. Criminal law ☞753(2)—Affirmative charge for defendant properly refused if any evidence tends to show guilt.**

Affirmative charge for defendant is properly refused if there is any evidence tending to show or affording inference of guilt.

**9. Criminal law ☞829(1)—Charges substantially covered by oral charge properly refused.**

Charges substantially covered by oral charge are properly refused.

**10. Criminal law ☞552(3) — Test of sufficiency of circumstantial evidence stated.**

Test of sufficiency of circumstantial evidence is whether circumstances produce moral conviction beyond reasonable doubt of accused's guilt, and are incapable of explanation on any reasonable hypothesis consistent with innocence.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Will Parmer was convicted of violating the prohibition law, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Parmer, 211 Ala. 613, 101 So. 484.

Charge (f), refused to defendant, is as follows:

"(f) I charge you that the evidence in this case is circumstantial; and before you can convict the defendant upon circumstantial evidence it must be so strong and convincing that it cannot be consistent with the defendant's innocence."

Other facts sufficiently appear.

Ernest B. Fite, of Hamilton, for appellant.

Counsel argue for error, but without citing authorities.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The fact that the liquor was found near defendant's residence at the time was a part of the res gestæ. Blackstone v. State, 19 Ala. App. 582, 99 South. 323. The offense here charged may be proven by circumstantial evidence. Whetstone v. State, 19 Ala. App. 331, 98 South. 216.

FOSTER, J. The appellant (defendant in the court below) was convicted for violation of the prohibition laws. The first count in the indictment charged the manufacture of prohibited liquors, and the second count charged the unlawful possession of a still.

[1] The evidence for the state was directed to showing that the sheriff and two others found four barrels of sorghum beer, a furnace with coals in it, having the appearance of being operated a short time before, and a wooden worm three quarters of a mile or more from the defendant's house, wagon tracks leading from the defendant's house within 75 or 100 yards of the place where the beer was found, and 50 or 75 yards from where the wagon tracks stopped at the edge of defendant's field to the still place. Mud was found on the edge of the woods and from the point where the wagon tracks stopped men tracks were traced leading into the bottom where the beer was found. The wagon tracks stopped in the edge of the defendant's field, and the still place was 50 or 75 yards from that point. "The field led back to the house." One witness did not know whose land this was; another testified, "I do not know where the lines are, but I really think this was on defendant's land." This was a statement of the judgment of the witness. The defendant testified he did not know on whose land the beer, parts of still, etc., were found, but it was either on his land or Watson's or Burleson's. The location was under the evidence a question for the jury to determine. The defendant denied any knowledge or possession of the parts of the still or of the beer, or any ownership of or connection with it. There was evidence that several days before his arrest the defendant was seen in the woods in about 200 yards of the place where the beer was found. The defendant explained his presence there by saying that he was at the time "fixing up his pasture fence."

[2] It was competent for the state to show that a jug of whisky was found in defendant's field in the edge of the woods 100 or 150 yards from his house.

[3,4] Evidence of the possession of whisky was relevant to show the fact of manufacture and in connection with all the facts and circumstances in evidence, as tending to connect the defendant with its manufacture. Blackstone v. State, 19 Ala. App. 582, 99 South. 323.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The test of the relevancy of evidence in criminal cases is whether it conduces to the proof of a pertinent hypothesis; a pertinent hypothesis being that which, if sustained, would logically influence the issue." 1 Mayf. Dig. p. 317, § 91.

[5] Evidence of the possession of whisky is admissible on the trial of a defendant charged with the manufacture of whisky and the possession of a still, although the defendant had previously been convicted for having the same whisky in his possession. The making of whisky and its possession during the process of manufacture constitute one offense. The making of whisky and its possession after manufacture and removal from the still constitute separate and distinct offenses, for each of which a 'defendant may be convicted. Day v. State, 19 Ala. App. 307, 97 South. 117; Savage v. State, 18 Ala. App. 299, 92 South. 19.

[6] It was competent for the state to ask the defendant on cross-examination if he did not know that his case was set for trial the next day and leave the county the night before the day set for trial, and if he remained away for a month or so. Flight after arrest, and on the night before the day the case was to be tried, is a circumstance proper to be submitted to the jury in connection with other evidence tending to show the guilt of the accused. It may or may not be considered a circumstance tending to prove guilt, depending on the motive which prompted it, whether from a consciousness of guilt and a pending apprehension of being brought to justice or whether it is attributable to some other and more innocent motive. Sylvester v. State, 71 Ala. 17; Murrell v. State, 46 Ala. 89, 7 Am. Rep. 592.

The defendant testified that Mr. Watts told him the evening before he left that Mr. Loyd (the sheriff) said he was going to have the defendant sent to the penitentiary. The fact of flight and circumstances connected with it were properly submitted to the jury.

[7] Charges (a), (b), (c), and (d) were properly refused. They were the general affirmative charge for the defendant; charge (b) being the affirmative charge as to count 1, and charge (c) being the affirmative charge as to count 2. Upon a very careful reading of all the evidence we conclude and so hold that there were facts and circumstances in evidence sufficient to submit to the jury the question of guilt vel non of the defendant under both counts of the indictment.

[8] The affirmative charge for the defendant is properly refused if there is any evidence tending to show or affording an inference of guilt. Bell v. State, 16 Ala. App. 36, 75 South. 181.

[9] Charge (e) is fairly and substantially covered by the oral charge of the court. Charges substantially covered by the oral charge are properly refused. Pruitt v. State, 19 Ala. App. 287, 97 South. 154; Whitfield v. State, 19 Ala. App. 326, 97 South. 168.

[10] Charge (f) is faulty.

"The test of the sufficiency of circumstantial evidence is whether the circumstances as proved produce a moral conviction to the exclusion of all reasonable doubt of the guilt of the accused—whether they are incapable of explanation upon any reasonable hypothesis consistent with his innocence." Pickens v. State, 115 Ala. 42, 22 South. 551; Suttle v. State, 19 Ala. App. 198, 96 South. 90.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.