## No. 11,554.

### RODRIGUES *v.* THE PEOPLE.

Decided June 1, 1926.

Plaintiff in error was convicted of possessing a still.

*Affirmed.*

*On Application for Supersedeas.*

1.   CRIMINAL LAW—*Intoxicating Liquor—Still—Evidence.* Evidence of possession by defendant of mash and intoxicating liquor, is admissible in a prosecution for possessing a still.

*Error to the District Court of Bent County, Hon. A. F. Hollenbeck, Judge.*

Mr. ALLEN M. LAMBRIGHT, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. LOUIS W. BURFORD, Assistant, for the people.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff in error applies for a supersedeas upon a judgment following his conviction of a violation of the statute concerning stills, the same being chapter 80, p. 220, S. L. 1925. The information charged that defendant "feloniously and knowingly had in his possession a still, designed and intended for the manufacture of intoxicating liquor."

Over the objection of defendant, the trial court admitted evidence of defendant's possession of mash and intoxicating liquor. This is assigned as error. The trial court admitted the evidence for "the purpose of showing intent." Plaintiff in error argues that the evidence was irrelevant because it is immaterial with what intent the accused may possess a still, the statute punishing mere possession, regardless of intent. But if intent to possess a still for the purpose of manufacturing liquor is shown, it is evidence tending to prove the ultimate fact that the possession of the still is the possession of the accused, as well as the fact that the alleged still is a still. Evidence of the possession of intoxicating liquor is relevant to show the fact of manufacture thereof. *Parmer v. State,* 20 Ala. App. 233, 101 So. 482. And manufacture implies that defendant had the necessary apparatus. There was no error in admitting the evidence in this case.

The application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.