BOWEN, Judge.
The defendant was charged and convicted for violating Section 43-3 of the General Code of the City of Birmingham 1964, as amended, which prohibits loitering for the purpose of engaging in prostitution. The jury imposed a fine of $500.00 and the trial judge imposed an additional sentence of one hundred eighty days hard labor.
I
The constitutionality of this particular ordinance was recently upheld by this Court in Short v. State, Ala.Cr.App., 6 Div. 400 (Ms. January 20, 1981). In that opinion, we found that the ordinance was not invalid for vagueness and did not create an unconstitutional presumption of guilty or shift the burden of proof to the accused.
II
A review of the testimony at trial convinces us that the jury’s verdict is supported by the weight of the evidence.
To support a conviction for loitering for the purpose of soliciting for prostitution the City must prove that the defendant (1) loitered, (2) in a public place, (3) for the purpose of soliciting for prostitution by conducting himself or herself in a manner or under circumstances manifesting the purpose of inducing, enticing, soliciting or procuring another to commit an act of prostitution. Short, supra.
A police officer for the City of Birmingham observed the defendant on a sidewalk in the business district of downtown Birmingham on three separate occasions over a period of two hours between 8:00 P.M. and 10:00 P.M. waving and shouting at passing vehicles. When each of the three vehicles stopped, the defendant conversed with the male driver. On each occasion, this same officer warned the defendant to cease the activity of stopping vehicles and to leave the area.
The officer observed the defendant a fourth time within this same two hour period in the same vicinity again in the process of flagging down and stopping another vehicle. As the officer approached she ran. While he was completing the arrest report the defendant voluntarily stated that putting her in jail would only make her come out on the streets again to make money to pay her attorney and court fines.
In our opinion, the repeated conduct of the defendant, the nature and manner of her presence and actions in a particular area of the city, and her statement to the arresting officer furnish sufficient evidence to justify the jury’s finding that the defendant is guilty of the offense charged.
Ill
As part of its case in chief, the City introduced evidence that the defendant had been recently observed on prior occasions in the same general area “waving down” and stopping vehicles and had been convicted for failure to obey the lawful order of a police officer, such conviction stemming from the defendant’s failure to stop waving down and stopping cars after having been requested to do so by a police officer.
These other acts were admissible to show criminal intent and to show that both the charged crime and the other acts were committed in keeping with or pursuant to a *791 single plan, design, scheme or system. C. Gamble, McElroy’s Alabama Evidence, Sections 69.01(5) and (6) (3rd ed. 1977). As was stated in Williams v. State, 98 Ala. 52, 53, 13 So. 333 (1892): “Although they may have been weak and inconclusive, they were circumstances which the jury had the right to consider for what they were worth. There was no error in admitting them.”
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.