McMILLAN, Judge.
This is an appeal from the appellant’s conviction of theft of property in the second degree, in violation of § 13A-8-4(e), Code of Alabama (1975).
The sole issue raised in this appeal is the appellant’s contention that the prosecution failed to establish a prima facie case of theft of property in the second degree and that the trial court thus erred in denying his motion for directed verdict of acquittal. This Court does not agree.
In Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, Ex parte Cumbo, 368 So.2d 877 (Ala.1979) this Court, per Judge Bowen, set out the standards under Alabama law for reviewing the sufficiency of the evidence in a conviction based on circumstantial evidence. In affirming the appellant’s conviction, we held the following:
“In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. United States v. Black, 497 F.2d 1039 (5th Cir.1974); United States v. McGlamory, 441 F.2d 130 (5th Cir.1971); Clark v. United States, 293 F.2d 445 (5th Cir.1961).
“ ‘[W]e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether jury might so conclude. Harper v. United States, 405 F.2d 185 (5th Cir.1969); Roberts v. United States, 416 F.2d 1216 (5th Cir.1969)....
[[Image here]]
“... Guilt is not established by circumstantial evidence unless the facts relied on are such that it is the only conclusion fairly to be drawn from them. Fuquay v. State, 22 Ala.App. 243, 114 So. 892 (1927). If all the material circumstances in evidence point to guilt and exclude any reasonable hypothesis except that of guilt a conviction is warranted. Pruett v. State, 33 Ala.App. 491, 495, 35 So.2d 115 (1948).
*2 “However ‘it is not every hypothesis, but every reasonable hypothesis but that of guilt, that the circumstantial evidence must exclude.’ 23 C.J.S. Criminal Law § 907 (1961).
“ ‘[T]he true test of sufficiency of circumstantial evidence to justify a conviction is whether the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt. It is not necessary for the circumstances to be “such as are absolutely incompatible, upon any reasonable hypothesis, with the innocence of the accused.” Bland v. State, 75 Ala. 574; Banks v. State, 72 Ala. 522; Matthews v. State, 55 Ala. 65.’ Mitchell v. State, 114 Ala. 1, 6, 22 So. 71, 72 (1897).
“See also Parmer v. State, 20 Ala.App. 233, 235, 101 So. 482 (1924).”
Id. 368 So.2d at 874-75. See also Robinette v. State, 531 So.2d 697 (Ala.1988).
The offense of theft of property is set out in § 13A-8-2, Code of Alabama (1975), which provides as follows:
“A person commits the crime of theft of property if he:
“(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
“(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property.”
Pursuant to § 13A-8-4(e), Code of Alabama (1975), a person commits the crime of theft of property in the second degree if the property is “taken from or in a building where said property is sold or stored,” and the value of the property exceeds $25.00. Pursuant to § 13A-2-23(2), Code of Alabama (1975), a person is legally accountable for the conduct of another if, with the intent to assist in the commission of a crime, he aids or abets such other person in the commission of the offense. “For the purposes of indictments and trials, there is no distinction between principals and accessories under Alabama law.” Wallace v. State, 530 So.2d 849, 855 (Ala.Cr.App.1987), writ denied, Ex parte Wallace, 530 So.2d 856 (Ala.1988) (citations omitted).
In the present case, the evidence presented by the prosecution tended to establish the following facts:
On February 11, 1988, Bert Cotton, an assistant manager at Delchamps food store in Fairhope, observed two white females placing steaks and cigarettes into their purses. As Mr. Cotton attempted to notify his manager of the incident, the two women ran from the store toward a pickup truck that was parked in the store’s parking lot. Cotton testified that the appellant and another man were standing in front of the truck, and that the man gestured to the women to come to the truck. The two women entered the truck, one on each side, and the truck drove away; the appellant was sitting by the door on the passenger’s side of the truck. Cotton, who had previously asked the manager to call the police, followed the truck in his own vehicle. Cotton testified that the truck was travelling at a “normal rate of speed” while he was following it.
While in pursuit of the truck, Cotton testified that he saw someone throw the paper ends of the cigarette cartons out of the passenger’s window. Cotton then saw the driver hold a purse out of the window and sling it away from the truck. As the truck and Cotton’s vehicle were travelling toward Daphne, a Daphne police car approached them from the other direction and Cotton signalled to the police car by blinking his lights. As the police car turned around, Cotton saw the appellant throwing cigarettes and steaks out of the passenger’s window. The police car passed Cotton’s vehicle and then stopped the truck.
Sergeant Ray Weston of the Fairhope Police Department testified that at about 3:30 p.m. on February 11, 1988, he received a radio dispatch concerning the theft of merchandise from the Delchamps store in Fairhope. Weston was advised that the suspects had fled from the store and were travelling in a rust colored truck. By the time Weston had caught up with the suspects’ truck, it had been stopped by the Daphne police officers, so he went back and picked up the cigarettes and steaks *3 that had been thrown from the truck. Weston testified that the merchandise he picked up bore the identification of either Delchamps or Winn-Dixie. The stamps on the packages of steaks indicated that they had been packaged on the day of the theft. Other testimony established that the merchandise taken from the Delchamps store was valued at $118.00.
In this Court’s opinion, the prosecution clearly proved a prima facie case of theft of property in the second degree. The evidence showed that the two women took merchandise in excess of $25.00 from the Delchamps store, and that the appellant aided and abetted the women by assisting in their escape, and by helping them to dispose of the stolen property immediately prior to their apprehension. While the appellant argues that the record fails to show that he willfully associated himself with the criminal venture, and willfully participated in the theft, the great weight of the evidence indicates to the contrary. As this Court held in Watkins v. State, 495 So.2d 92 (Ala.Cr.App.1986), citing Sanders v. State, 423 So.2d 348, 351 (Ala.Cr.App.1982):
“Community of purpose may be formed in a flash, and participation and community of purpose may be shown by circumstantial evidence or inferred from the conduct of the participants. Smith v. State, 57 Ala.App. 151, 326 So.2d 680 (1975), cert. denied, 295 Ala. 419. 326 So.2d 686 (1976). Such facts as the defendant’s presence in connection with his companionship, his conduct at, before, and after the commission of the act, are potent circumstances from which participation may be inferred. Smith, supra.”
Id. 495 So.2d at 102.
For the reasons stated above, the trial court correctly denied the appellant’s motion for directed verdict of acquittal, and the judgment of that court is therefore due to be affirmed.
AFFIRMED.
All the Judges concur.