# Shepperd v. The State.

### Indictment for Larceny from Railroad Car.

1. *Larceny; criminating circumstances; general charge in favor of defendant.*—A general charge in favor of defendant, indicted for the larceny of several hundred packages of garden-seed from a railroad car, is properly refused, when there is evidence showing that the car was broken open, that the packages were missing when the contents of the car were examined by the freight clerk, and that similar packages were afterwards found in the possession of the defendant, or in a house occupied by him.

2. *Charge as to absence of evidence criminating third person.*—A charge asked in a criminal case, instructing the jury that they "can not consider the fact, if it be a fact, that there is no circumstance tending to show that any other person committed the crime, or has been charged with or suspected of it, as a circumstance against the defendant," is properly refused.

3. *"Reasonable doubt;" desire for more evidence; charges as to.*—If a juror "feels the desire for more evidence tending to show the guilt of the defendant," this is not the equivalent of the "reasonable doubt" which the law requires; and a charge requested, instructing the jury that it is, is properly refused.

4. *Argumentative charges* are properly refused.

5. *Recalling jury, and giving charges before refused, with explanation.* The court may, in its discretion, recall the jury after they have retired, and give them a charge requested by the defendant, which had been refused when asked; and may add to it a proper explanatory charge.

6. *Recent possession of stolen goods,* unexplained, is a circumstance tending to show that the possessor was the thief; and the court may instruct the jury that they may so consider it.

FROM the Circuit Court of Bibb.

Tried before the Hon. JAS. R. DOWDELL.

The defendant in this case was indicted for the larceny, from a railroad car, of five hundred packages of garden-seed, the personal property of E. N. Cottingham & Co., a mercantile partnership doing business at Blocton, in said county of Bibb. The evidence adduced on the trial showed, without contradiction, that Landreth, of Philadelphia, had forwarded to said Cottingham & Co., by railroad, a consignment of goods containing, with other things, five hundred packages of garden-seeds; that the invoice, or bill of lading, was received by due course of mail; that the car containing the goods arrived at Blocton about seven o'clock in the evening, and when opened by the freight clerk next morning, as he testified, was found to have been entered, as shown by the broken lock, and the

[Shepperd v. The State.]

packages of seeds were missing; and that several hundred packages of garden seeds, having Landreth's name and marks on them, were afterwards found in a small house occupied by the defendant, by an officer who was investigating several alleged thefts from railroad cars, and who thereupon arrested the defendant. The time when the packages were forwarded to Blocton was not proved, except that it was "in the Fall of 1889;" and as to the time when the packages were found by the officer, the only evidence was his statement that it was "some time in the Spring of 1890, or Winter of 1889–90."

The defendant introduced no evidence, but he requested the following charges in writing, and duly excepted to their refusal: (1.) "If the jury believe the evidence, they must find the defendant not. guilty." (2.) "Under the evidence in this case, the jury can not consider the fact, if it be a fact, that there is no circumstance tending to show that any other person committed the crime, or has been charged with or suspected of it, as a circumstance against the defendant." (3.) "If any juror, before pronouncing a verdict of guilty, feels the desire for more evidence tending to show the guilt of the defendant, then that juror has the reasonable doubt of guilt upon which the law requires him to acquit the defendant." (4.) "The evidence in this case is entirely circumstantial. The humane provisions of the law are, that a prisoner charged with a felony can not be convicted on circumstantial evidence, unless it shows by a full measure of proof that he is guilty ; and such proof is always insufficient, unless it excludes to a moral certainty every other reasonable hypothesis than that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, without the guilty agency or participation of the defendant, then the defendant is not shown to be guilty by that full measure of proof which the law requires."

The defendant also requested another charge in writing, in these words : "If the evidence is reasonably reconcilable with the theory that the defendant acquired the property from the real thief, or if the evidence is reasonably reconcilable with the theory that some one else was the guilty agent, then the jury must acquit the defendant." The court refused this charge when asked, and the defendant excepted to its refusal. "After the jury had retired to consider of their verdict, the court directed them to be called back ; and on their return to the court-room, having read said charge to them, stated that he gave said charge to them, but they should take it in connection with the general charge of the court, and also with

[Shepperd v. The State.]

the further oral charge which he now gave them, viz., 'That the jury could consider the fact of the recent possession of stolen goods, unexplained, if they were satisfied from the evidence that such was the fact, as a circumstance showing that the party having such possession was the thief.' To the giving of this additional oral charge the defendant objected and excepted."

LOGAN, HARGROVE & VAN DE GRAAF, for appellant, cited *Griffin v. State*, 76 Ala. 29; *Coleman v. State*, 59 Ala. 52; *Owen v. State*, 52 Ala. 400; *Cohen v. State*, 50 Ala. 108; *Bain v. State*, 74 Ala. 38; *Winslow v. State*, 76 Ala. 42; *Mose v. State*, 36 Ala. 211; *Riley v. State*, 88 Ala. 188; *Salm v. State*, 89 Ala. 56; *Maxwell v. State*, 89 Ala. 150.

WM. L. MARTIN, Attorney-General, for the State, cited *Kemp v. State*, 89 Ala. 52; *Childs v. State*, 58 Ala. 349; *Little v. State*, 89 Ala. 49; *Marcus v. State*, 89 Ala. 23; *Barnard v. State*, 88 Ala. 111; *Malachi v. State*, 89 Ala. 134; *Dodson v. State*, 86 Ala. 60; *Cooper v. State*, 87 Ala. 135; *Ross v. State*, 82 Ala. 65.

McCLELLAN, J.—The evidence tended to show 'that certain packages of seed, about five hundred in number, were consigned at Philadelphia by Landreth to E. N. Cottingham & Co., at Blocton, Ala.; that the car containing these packages arrived at Blocton, and was broken into before being unloaded; that the packages were missing, and packages corresponding in number and description were subsequently found in the possession of the defendant. Very clearly, we think, the jury were authorized to find upon this evidence that the defendant had stolen the seeds as charged in the indictment, and the general charge requested by the defendant, the giving of which would have denied them this right, was, of course, properly refused.—*Kemp v. State*, 89 Ala. 52, and authorities there cited.

In cases like the present one, where the guilt of the defendant is to be found, if at all, from criminating circumstances alone, it is error to instruct the jury that they may *not* look to the fact that "there is no circumstance tending to show that any other person committed the crime, or has been charged with or suspected of the crime." Charge 2 asked by the defendant was of this character, and hence was well refused. *Childs v. State*, 58 Ala. 349.

The fact that *a juror "feels a desire for more evidence"* of

criminality, is not necessarily the equivalent of a reasonable doubt of guilt in the mind of such juror. A juror might well "feel a desire" for more evidence, and naturally would experience such desire in all cases where he entertained any doubt whatever of guilt, whether that doubt were a reasonable one or not in itself; and manifestly a desire for further proof, resulting from a mere unreasoned misgiving, would not involve a state of mind on the part of the juror which would make it his duty to acquit. These considerations demonstrate the infirmity of the third charge requested by the defendant.

The fourth instruction asked for defendant is palpably a mere argument; and its refusal may be justified upon that ground.—*Potter v. State*, 92 Ala. 37; *Chatham v. State*, *Ib.* 47; *Bancroft v. Otis*, 91 Ala. 279; *Little v. State*, 89 Ala. 99.

We do not doubt that the trial court may, with propriety, recall the jury after they have retired, and give them an instruction which had been previously refused to the defendant. It would seem, indeed, that in any event the defendant could not complain of such action on the part of the court, as it is taken in consequence of his original request that the charge should be given, and, presumptively in all cases, and as matter of fact in this case, in his interest.—*Marcus v. State*, 89 Ala. 23. So that, if error was committed in recalling the jury and giving the previously refused charge, it was affirmatively beneficial to the defendant, and can not be availed of by him on appeal.—*Marks v. State*, 87 Ala. 99.

The court having properly recalled the jury, and given the charge at first refused to the defendant, its further action in that connection stands upon the same footing as if the charge had been originally given; in which case the defendant could not have complained because of any infirmity in the charge itself, since given at his instance, nor because of any explanatory charge given by the court, if such explanation were proper in itself; and that the explanatory oral instruction given by the court was proper, we do not doubt.—*Barnard v. State*, 88 Ala. 111.

We find no error in the record, and the judgment of the Circuit Court is affirmed.