[Bohlman v. The State.]

|135|45|
|135|35|

# Bohlman *v.* The State.

*Indictment for an Assault with Intent to Murder.*

1. *Evidence; cross-examination as to character of witness.*—In the trial of a criminal case, where a witness for the defendant testified on direct examination that he knew the general reputation of a certain witness who had testified in behalf of the State, and that it was bad, and on cross-examination of said defendant's witness he testified that he had heard that the State's witness had been indicted for stealing, it is competent for the solicitor to further ask said witness for the defendant as to where said State's witness had been indicted and in what court, and to show all that said witness had heard derogatory of the character of the said witness, upon which he predicated his opinion of bad character.

2. *Assault with intent to murder; admissibility of evidence.*—On a trial under an indictment for assault with intent to murder, where the defendant as a witness testified that he and the person assaulted had had, prior to the shooting, a dispute as to some land, it is not competent for the defendant to show the merits of that controversy, and as to whether or not the defendant was successful in such dispute; such facts being wholly immaterial.

3. *Charge as to reasonable doubt.*—In a criminal case, a charge is erroneous and properly refused which instructs the jury that "The humane provisions of the law is that upon the evidence there should not be a conviction unless, to a moral certainty, it excludes every reasonable hypothesis other than that of the guilt of the accused. No matter how strongly may be the facts, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof which the law requires." (*Gilmore v. State*, 99 Ala. 154, overruled, so far as it holds to the contrary.)

4. *Same; doubt arising from good character.*—In a criminal case, charges are erroneous and properly refused which instruct the jury that "If the defendant has established a good reputation as being a peaceable and quiet citizen, then it is the duty of the jury to consider the same and give him the benefit of any reasonable doubt which may be created by such proof,"

and "every man on trial for crime is permitted to introduce evidence of his general good character; and this evidence may alone be sufficient to generate a reasonable doubt."

5. *Assault with intent to murder; charges as to alibi.*—On a trial under an indictment for an assault with intent to murder, where the defendant introduced evidence tending to prove an *alibi*, a charge is erroneous and properly refused which instructs the jury that "If the proof of an *alibi* reasonably satisfies the jury that the defendant was two miles or more away from the scene of the alleged assault, and that he was not implicated in the shooting of Cochran, it is the duty of the jury to find the defendant not guilty;" such charge assuming that there was proof of an *alibi*.

6. *Charge of court to jury; effect of defendant's own testimony.* On the trial of a criminal case, a charge which instructs the jury that "the interest the defendant had in the case may be considered by them in weighing his own evidence," asserts a correct proposition of law and is properly given at the request of the State.

7. *Same; charge as to reasonable doubt.*—In the trial of a criminal case, a charge is free from error and properly given at the request of the State which instructs the jury "that in whatever form the question of reasonable doubt may be couched and however it may be twisted by words, reasonable doubt is no more than a reasonable doubt, and that in considering the case, you are not to go beyond the evidence to hunt up doubts, nor must you entertain such doubts as are merely imaginary or conjectural. A doubt to justify an acquittal must be reasonable, and it must arise from a candid and impartial investigation of all the evidence in the case, and if, after considering all the evidence, you can say that you have a fixed conviction of the truth of the charge you are satisfied beyond a reasonable doubt."

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellant in this case, Louis Bohlman, was indicted, tried and convicted for an assault with intent to murder one Martin Cochran, and was sentenced to the penitentiary for twelve years.

On the trial of the case Martin Cochran, the person assaulted, testified that the defendant, who was his brother-in-law, shot him with a shot gun; that the shooting occurred about half past seven o'clock on the even-

ing of April 5, 1902. Martin Cochran's little son, who was ten years old, and his two daughters, who were older, each testified to the defendant having shot said Cochran.

The evidence for the defendant tended to prove an *alibi*, by showing that at the time designated by the State's witnesses the defendant was two and one-half miles from the house of Martin Cochran, where the shooting occurred.

The defendant, as a witness in his own behalf, testified that he was not at the house of Martin Cochran on the night he was alleged to have been shot, nor had he been there for three years prior to that time.

Henry Bohlman, a brother of the defendant, was examined as a witness for the defendant, and testified that he knew Martin Cochran's reputation in the community where he lived, and it was bad. On the cross-examination of this witness, Henry Bohlman, he testified that he had heard that Cochran had been indicted for stealing. The solicitor then asked the witness the following question: "Indicted where, and in what court?" The defendant objected to this question, because it called for irrelevant, incompetent and illegal evidence. The court overruled the objection, and the defendant duly excepted. The witness answered that he had heard that Cochran had been indicted in Mobile county.

During the examination of the defendant, as a witness, and after he had testified that prior to the shooting he and Martin Cochran had a dispute in regard to some lands, he was then asked by his attorney the following question: "In the land dispute you were successful, weren't you?" The State objected to this question because it called for irrelevant, immaterial and incompetent evidence. The court sustained the objection, and the defendant duly excepted.

The court, at the request of the State, gave to the jury the following written charges: (A.) "The court charges the jury that in determining the weight they will give to the defendant's testimony they should consider, along with all the other circumstances having any bearing on the matter, the fact that he is the defendant, and the fact, if they so find, that his testimony is in conflict with

the other testimony in the case." (B.) "The court charges the jury that the interest the defendant has in the case may be considered by them in weighing his own evidence." (C.) "The court charges the jury that to prove, beyond a reasonable doubt, that the defendant is guilty, does not mean that the State must make the proof by an eye witness, or to a positive, absolute, mathematical certainty. This latter measure of proof is not required in any case. If from all the evidence the jury believe that it is possible, or that it may be, or perhaps the defendant is not guilty, this degree of uncertainty does not amount to a reasonable doubt and does not entitle the defendant to an acquittal. All that is required is that the defendant is guilty, and if you so believe, beyond all reasonable doubt, from the evidence, that the shooting occurred in this county, before the finding of this indictment, you must find the defendant guilty, although you may also believe from the evidence that it may be he is not guilty or that it is possible he is not guilty." (D.) "The court further charges the jury that in whatever form the question of reasonable doubt may be couched and however it may be twisted in words, a reasonable doubt is no more than a reasonable doubt, and that, in considering the case, you are not to go beyond the evidence to hunt up doubts, nor must you entertain such doubts as are merely imaginary or conjectural. A doubt to justify an acquittal must be reasonable, and it must arise from a candid and impartial investigation of all the evidence in the case, and if, after considering all the evidence, you can say that you have a fixed conviction of the truth of the charge you are satisfied beyond a reasonable doubt."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following written charges requested by him: (5.) "The humane provision of the law is that upon the evidence there should not be a conviction unless, to a moral certainty, it excludes every reasonable hypothesis other than that of the guilt of the accused. No matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the ac-

[Bohlman v. The State.]

cused is not shown by that full measure of proof which the law requires." (6.) "The court charges the jury that if the defendant has established a good reputation as being a peaceable and quiet citizen, then it is the duty of the jury to consider the same and give him the benefit of any reasonable doubt which may be created by such proof." (7.) "Every man on trial for trial is permitted to introduce evidence of his general good character, and this evidence may alone be sufficient to generate a reasonable doubt of his guilt. The jury ought to consider this evidence in arriving at their verdict." (9.) "The court charges the jury that if they believe the evidence, they should find the defendant not guilty." (19.) "If the proof of an *alibi* reasonably satisfies the jury that the defendant was two miles or more away from the scene of the alleged assault, and that he was not implicated in the shooting of Cochran, it is the duty of the jury to find the defendant not guilty."

McALPINE & ROBINSON, for appellant, cited *Crawford v. State,* 112 Ala. 1; *Howard v. State,* 108 Ala. 571; *Ex parte Acree,* 63 Ala. 234; *Gilmore v. State,* 99 Ala. 154, 160; *Pickens v. State,* 115 Ala. 42, 50; *Howard v. State,* 108 Ala. 571, 577; *Bain v. State,* 74 Ala. 38; *Brown v. State,* 108 Ala. 18, 34.

CHAS. G. BROWN, Attorney-General, for the State, cited *Cooper v. State,* 88 Ala. 107; *Shelby v. State,* 97 Ala. 87; *Carden v. State,* 84 Ala. 417; *Gilmore v. State,* 91 Ala. 64; *Tolliver v. State,* 94 Ala. 111; *Fowler v. State,* 100 Ala. 90; *Fonville v. State,* 91 Ala. 39; *Dennis x. State,* 112 Ala. 68; *Pate v. State,* 94 Ala. 14 .

TYSON, J.—We do not understand from the record that the solicitor was attempting, by the cross-examination of witness Bohlman, to establish that Cochran had in fact been indicted and in what court he had been indicted for stealing. On the contrary, we think it quite clear that the inquiry was directed to ascertaining in what court he, the witness, had heard that Cochran was indicted. For the purpose of impeaching Cochran, who

4c

had testified in behalf of the State, Bohlman had testified on direct examination that he knew his general reputation and that it was bad. On cross-examination, the prosecution had a right to have the jury know all that he had heard derogatory to the character of Cochran upon which the witness predicated his opinion of bad character.

Nor did the court commit an error in sustaining the objection to the question propounded to the defendant, "In the land dispute you were successful, weren't you?" The merits of that controversy between Cochran, who was alleged to have been assaulted by defendant, and the defendant were immaterial.—*Commander v. The State,* 60 Ala. 1; *Gray v. The State,* 63 Ala. 66; 1 Mayfield's Dig., 331, §§ 377 *et seq.*

Charge 5 refused to defendant is a substantial copy of charge 13 in *Gilmore v. The State,* 99 Ala. 154, which this court held should have been given. The court was influenced in so declaring by the principle announced in *Ex parte Acree,* 63 Ala. 234, which did not involve an instruction to a jury, but was simply a statement of the court *arguendo* in passing on the weight of the evidence in a *habeas corpus* proceeding. The court evidently overlooked the case of *Shepperd v. The State,* 94 Ala. 102, where a similar charge was condemned as an argument. And in a subsequent case (*Dennis v. The State,* 112 Ala. 65,) it is said of a charge very much like the one under consideration : "We do not approve of the use of the word 'humane' in an instruction to the jury, as the jury is apt to conclude that the case before them is one which calls for the application of the principle. It is very proper in an argument to justify a conclusion of law." We think the cases of *Shepperd* and *Dennis* are right and that of *Gilmore* wrong. So we are constrained to hold that the trial court committed no error in refusing the charge to the defendant.

Charges 6 and 7 requested by defendant have been so often condemned by this court, that no further comment is necessary.—1 Mayfield's Dig., 174, § 206.

Charge 9 requested by defendant was the general affirmative charge and was, of course, properly refused.

[Porter v. The State.]

Charge 19 was also correctly refused. It assumed that there was proof of the *alibi*. Whether the evidence tending to prove an *alibi* amounted to proof of the fact, was for the jury.

We have examined the several written charges given at the request of the State, and find no error in the giving of either of them.—*McKleroy v. The State*, 77 Ala. 95.

Affirmed.