# Brown *v.* The State.

## *Burglary.*

(Decided Nov. 28, 1912. 60 South. 430.)

1. *Charge of Court; Directing Verdict.*—Where the offense is proven and there is evidence sufficient to authorize the jury to find the defendant guilty of the offense charged, the affirmative charge was properly refused.

2. *Burglary; Evidence.*—The evidence considered and held sufficient to authorize the finding by the jury of the guilt of the defendant.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Dan Brown was convicted of burglary and he appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. It was the jury's province to determine the weight and sufficiency of the evidence, and the court properly denied the affirmative charge.—*Kemp v. The State,* 89 Ala. 52; *Shepherd v. The State,* 94 Ala. 102.

PELHAM, J.—The general charge requested by the defendant was, in our judgment, properly refused; as being on the effect of the evidence. The commission of the offense embodied in the charge was proven without dispute or conflict in the evidence, and the jury was authorized to believe from the facts before the court that the defendant was guilty of burglary, the crime alleged.

The defendant's recent possession of the goods· and the contradiction in the evidence explanatory of that possession, together with the evidence showing the defendant had been "hanging around" the store a short time prior to the commission of the offense, disclosed· a state of facts authorizing an inference of the defend-· ant's guilt, which was properly submitted by the court for solution by a determination of the jury. on the conflict produced by the defendant's denial.—*Ross v. State,* 82 Ala. 65, 2 South. 139; *Kemp v. State,* 89 Ala. 52, 7 South. 413; *Shepperd v. State,* 94 Ala. 102, 10 South. 663.

Affirmed.