(108 So. 75)

## GOSA v. STATE. (6 Div. 904.)

(Court of Appeals of Alabama. Jan. 12, 1926. Rehearing Denied Feb. 9, 1926.)

**1. Intoxicating liquors ⬤⟶238(2).**

Question of identity of defendant as being one of men who was working at still *held* for jury.

**2. Criminal law ⬤⟶753(2).**

Court properly refused affirmative charge for defendant, where evidence was in conflict.

**3. Criminal law ⬤⟶809—Instruction that "humane" provision of law is, if facts of case can be reasonably reconciled with theory that some other person may have committed offense, jury should find defendant not guilty, held properly refused as misleading.**

Instruction that "humane" provision of the law is that, if facts and circumstances can be reasonably reconciled with theory that some other person may have committed offense, jury should find defendant not guilty, *held* properly refused as misleading.

**4. Criminal law ⬤⟶811(1).**

Charge which singles out and gives undue prominence to evidence of a witness is properly refused.

**5. Criminal law ⬤⟶753(1)—Court cannot direct verdict if there is any evidence tending to make a case against accused.**

If there is any evidence tending to make a case against accused, though evidence be weak and inconclusive, court cannot direct a verdict, but must submit case to jury.

**6. Criminal law ⬤⟶747.**

Jury are judges of facts when there appears a conflict in the evidence.

Appeal from Circuit Court, Lamar County; Ernest Lacy, Judge.

Veltha Gosa was convicted of violating the prohibition laws, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Gosa v. State, 108 So. 76, 214 Ala. 391.

R. G. Redden, of Vernon, for appellant.
Harwell G. Davis, Atty. Gen., for the State.

Briefs of respective counsel did not reach the Reporter.

BRICKEN, P. J. [1, 2] On the trial in the court below, the evidence disclosed without conflict or dispute that the state's witnesses found a complete still, in operation, and at the time they reached it whisky was then running into a fruit jar from the still; that two men were present and working at the still, both of whom ran away at the approach of the officers; that the officers pursued them, but the men escaped. The identity of this defendant as being one of the men who was working at the still was the only disputed question of fact upon the trial. It was not insisted that the still in question was upon the premises of defendant, or that he had any dominion or control of the land upon which it was located. The still was some two miles distant from where this defendant lived. He was arrested by the officers on the afternoon of the same day, and both of the state witnesses testified that this defendant was one of the men they saw that morning working at the still, and that they pursued him for some distance in the direction of his home, but that he escaped. The defendant strenuously denied that he

was at the still as testified to by the officers, and disclaimed any knowledge of, or connection with, the still whatever. He testified himself, and introduced a large number of witnesses who also gave evidence, to the effect that he was plowing in his own field with his brothers at the very time the officers claimed to have seen him at the still, that his mother and sister were also present with him in the field, etc. The evidence, being thus in direct conflict, made a question of fact for the determination of the jury, therefore the court properly refused the affirmative charge requested in writing by defendant.

[3] It is insisted that the court erred in refusing the following charge, to wit:

"The court charges the jury that the humane provisions of the law is that, if the facts and circumstances of the case can be reasonably reconciled with the theory that some other person may have committed the offense, you should find the defendant not guilty."

In the case of Gilmore v. State, 13 So. 536, 99 Ala. 154, a charge of similar import was approved by the Supreme Court, and its refusal by the court was there held to be error. But the Gilmore Case, supra, so far as relates to this question, has been held to be inadvertent, and has been expressly overruled on this point, in the case of Bohlman v. State, 33 So. 44, 135 Ala. 45, 50. See, also, Shepperd v. State, 10 So. 663, 94 Ala. 102, and Dennis v. State, 20 So. 925, 112 Ala. 64. The statement contained in the charge, supra, may be correct in a sense, but the form of expression has been held to be in the nature of a mere argument and calculated to mislead the jury.

"We do not approve of the use of the word 'humane' in an instruction to the jury, as the jury is apt to conclude that the case before them is one which calls for the application of the principle. It is very proper in an argument to justify a conclusion of law." Dennis Case, supra.

It follows that there was no error in refusing the charge above quoted.

[4] The remaining refused charge singled out and gave undue prominence to the evidence of a witness. It was properly refused for this and other reasons.

[5, 6] There was nothing hurtful to the defendant in any of the rulings of the court upon the admission of the evidence. The court manifestly accorded to the defendant as fair a trial as could have been given under the evidence adduced upon this trial. As hereinabove stated, the question of the identification of this defendant was paramount. The state witnesses testified that he was the man. If they were mistaken in their identity of the man, a very great hardship has been inflicted upon this appellant. It cannot be denied that the proof offered in his defense was strong indeed. But the rule is, if there is any evidence tending to make a case against the accused even though such evidence be weak and inconclusive, the court has no authority to direct the verdict, but must, under the rule, stated, submit the case to the jury, who are the judges of the facts when there appears a conflict in the evidence. But a jury should never convict a person charged with crime, unless, after a careful consideration of all the evidence—that for the state and *also that for the defendant*—they are convinced beyond all reasonable doubt and to a moral certainty of the guilt of the accused. In the instant case it is manifest that the jury accorded but slight, if any weight, to the evidence offered by defendant and given by the large number of witnesses for defendant.

This case may present a matter for the consideration of the pardoning powers of the state. Under the status of the record and the evidence adduced, the courts are without the authority to grant the relief sought.

We find no error of a reversible nature in this record, and must therefore order the affirmance of the judgment of conviction appealed from.

Affirmed.