195 So. 300

## ALLEN v. STATE.
### 5 Div. 106.

Court of Appeals of Alabama.
April 2, 1940.

R. C. Wallace, of LaFayette, for appellant.

Thos. S. Lawson, Atty. Gen., and Willard McCall, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

A general verdict of conviction was rendered against the defendant on an indictment, in code form, containing two counts, the first charging the illegal possession of a still, etc., for the manufacture of prohibited liquors, and the second charging the manufacture of prohibited liquors, etc.

No special, written charges were requested and the objections to the introduction of evidence reserved upon the trial were properly ruled on by the court.

The evidence disclosed, without conflict, that the State's witnesses found a complete moonshine still then in operation, at which were three men, two of them, not on trial, having been arrested at the time of the raid. The third fled and was not then apprehended, the State's witnesses contending that the defendant was this third person. The identity of the defendant as being the other of the three men working at the still at the time was the disputed question of fact at the trial. The alibi of the defendant, supported by the testimony of others as well as his own, was to the effect that he was not at the still and had no participation in the transaction, but, to the contrary, was, on the day and time in question, in company with other of his witnesses, at an entirely different and distant place. The evidence on this point, being in sharp conflict, presented a question, the decision of which was the sole prerogative of the jury. The court so held and properly so. Whitfield v. State, 19 Ala.App. 326, 97 So. 168; Gosa v. State, 21 Ala.App. 269, 108 So. 75; Bogle v. State, 27 Ala.App. 215, 169 So. 332.

According to the witnesses for the State, the defendant was, on this occasion, seen "squatted down at the end of the worm where the liquor was running out," "adjusting the worm" of the still, "adjusting the jug" under the worm "where the liquor was pouring out," "working with the funnel that was in the jug where the whiskey was pouring out," and also was seen to throw some wood down at or near the still where it was being fired by his brother, one of the two arrested in the raid. Such evidence was correctly submitted to the jury and if believed beyond a reasonable doubt warranted the verdict returned at the trial.

Careful examination of the record discloses no error and the judgment of the lower court is affirmed.

Affirmed.