286 So.2d 924

**Phillip HILL, alias**

**v.**

**STATE.**

**6 Div. 506.**

Court of Criminal Appeals of Alabama.

Dec. 4, 1973.

**516**

—◆—

Fred Blanton, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Jefferson County, Alabama, indicted the appellant for the first degree murder of one Betty Jordan Howard by shooting her with a pistol. The Jury's verdict found appellant guilty of murder in the second degree, and its verdict and judgment set punishment at fifty years and one day imprisonment in the State penitentiary.

On the night of June 7, 1968, Betty Jordan Howard and her date, one David Beasley, went to the Roebuck Bowling Lanes. When they arrived, Beasley parked his car behind the Roebuck Lanes.

Beasley testified that they bowled until about 11:30 p. m. As they walked through the Roebuck Lanes parking lot toward his car, a man, whom they recognized as the appellant, Phillip Hill, ran toward them from a construction site adjacent to the parking lot. Beasley stated that the parking area was more or less lighted because of flood lights on the back of the Roebuck Lanes building. He said they could see that Hill had a gun in his hand. Beasley tried unsuccessfully to unlock his car door. He asked Betty Jordan Howard to give him her gun, which she produced from her handbag. Further, Beasley stated that when Hill was fifteen or twenty yards from the car, Beasley fired one shot at the ground, but Hill kept coming until he was

twelve or fifteen feet away, at which point Beasley fired one last shot directly at Hill, which missed. Then Hill ducked behind the rear of Beasley's car. During all this commotion, Betty Jordan Howard was crouched beside Beasley near the driver's door of the car, between the car and the side of the Roebuck Lanes building. Beasley stated that he could see Hill through the windshield, and as Hill crept to the front of the car, Beasley got up and ran between the building and the car, through the parking lot, and into a door going into the Roebuck Lanes. Betty was still crouched behind the car. Beasley stated further that as he ran around the corner of the building, he heard four or five gunshots, fired in rapid succession. He went into the bowling alley, asked a desk attendant to call the police, then went back outside. When Beasley returned to his car, Officer Wallace Wigley, who was working as a guard at Roebuck Lanes, was already there. Betty Jordan Howard lay dead.

Officer Wigley testified that he was standing in the front of Roebuck Lanes when he heard two shots, then five or six fired in succession. He ran to the rear parking area and saw David Beasley running toward the front of the building. He stated that this was just about the same time as when he heard the last shots. Further, he testified that when he went back inside, Beasley gave him his nine-shot .22 pistol. Officer Wigley emptied the chamber and found two spent and six unspent cartridges.

There was testimony from eyewitnesses after the gunshots that a man ran through the construction site adjacent to the Roebuck Lanes. One witness, Charles Hester, stated that after he heard the noise, which sounded like two shots, then five to seven more in succession, he saw a man run from the construction site into a vacant wooded lot beside his mother-in-law's house. Hester testified that he encountered the man walking out of the wooded lot toward a parked taxicab. Hester asked

the man what was going on, to which the man replied, "Nothing." Hester did not see a gun in the man's hand. The man got in the taxicab and drove away. At this point, Hester made an in-court identification of appellant Phillip Hill.

Further, the State's evidence showed that the appellant, Phillip Hill and Betty Jordan Howard were married the first time in 1954, but were divorced in 1957. They remained divorced for two months, then remarried in the same year. They were divorced a second and final time on February 28, 1968.

Thomas E. Jordan, father of deceased, and Mona Jordan, mother of deceased, testified as to the previous divorce and overhearing threats by Hill. There was further evidence admitted as to a peace proceeding by the deceased against Hill.

The appellant's version of this incident in the Roebuck Lanes parking lot contradicts that of David Beasley. He testified that on this same night, he was driving a taxicab for the Yellow Cab Company. He drove a fare to the Roebuck Motel, then went to the bowling alley. As he drove through the parking lot, he saw David Beasley's car. He drove on through the lot and parked his cab on a street behind Roebuck Lanes. He got out of his cab, and as he was walking through the construction site adjacent to Roebuck Lanes, he saw Beasley and the deceased walking through the parking lot. He called out to Betty Jordan Howard that he wanted to talk with her, but she and Beasley proceeded toward his car. When they were behind his car, the appellant said to her, "Wait a minute, honey, I need to talk to you." The appellant testified that he was not carrying a gun in his hand, but rather had a cigarette lighter. He further testified that a shot was fired from someone behind the car, and he yelled out to stop the shooting. A second shot rang out and the appellant dove behind the car, where he called out, "Let up, I don't want any trouble." After a few suspenseful moments, a third shot was fired. The appellant pulled his .32 caliber automatic pistol from his jacket pocket, fell down in front of the car, pointed the pistol around the left front fender, and "squeezed off some shots." He did not know Betty Jordan Howard was behind the car, nor in his line of fire. He raised up and saw Beasley running from behind the car. The appellant did not fire anymore after this, but instead ran back to his cab. He testified that he put his pistol back into his jacket pocket as he walked toward his cab, but after driving away, the pistol was missing. The pistol was never found.

The appellant then traveled to Springfield, Massachusetts, by way of trips to Mississippi, Louisiana, California, and New York. He was apprehended by the F.B.I. in Massachusetts.

W. L. Allen, Deputy Coroner of Jefferson County, testified that he examined the deceased, Betty Jordan Howard, and found four separate gunshot wounds, which, in his opinion, caused her death.

I

At the trial of this cause, a peace bond, which had been issued against appellant on March 18, 1968, for threatening to kill Betty Jordan Howard, was introduced over objection of defense counsel. The trial court admitted this as bearing on ill will or motive of the appellant. The Supreme Court in Bennefield v. State, 281 Ala. 283, 202 So.2d 55, stated:

" . . . [W]hether the fact that the defendant had, at the instigation of the deceased, been placed under a peace bond, reasonably tended to show ill will between the defendant and deceased. We hold that it does, and that such evidence was properly admitted."

II

The State presented the testimony of the deceased's mother and father as to threats made by the appellant. Both the

mother and father testified that they overheard, on an extension telephone, many conversations between the appellant and the deceased. During these conversations, which took place prior to their second divorce in 1968, the appellant threatened that he would kill the deceased if she went through with the divorce. This testimony was admitted over objection by defense counsel.

Former acts of hostility, including communicated threats, by the accused toward the victim are admissible for the purpose of showing motive or malice, and were here properly admitted. Blue v. State, 246 Ala. 73, 19 So.2d 11; Padgett v. State, 49 Ala.App. 130, 269 So.2d 147, cert. denied, 289 Ala. 749, 269 So.2d 154, and cases cited therein.

### III

■ ·W. L. Allen, Deputy Coroner of Jefferson County, Alabama, who had thirteen years experience investigating the cause of death in homicide cases, stated over objection that the cause of death was the gunshot wounds from a .32 caliber pistol.

We believe this testimony properly admitted under Thigpen v. State, 50 Ala.App. 176, 277 So.2d 922; Cobb v. State, 50 Ala. App. 707, 282 So.2d 327, and cases cited therein.

### IV

■■ Appellant had entered a plea of not guilty, and at trial sought to establish that he was in effect protecting himself from David Beasley, and only returned the gunfire in self-defense. There is no burden of proof on the appellant to prove self-defense, but if he offers testimony of the elements of self-defense, which taken with the other evidence raises a reasonable doubt in the minds of the jury as to his guilt, he is entitled to an acquittal. In determining this question, the jury is entitled to look at all the testimony offered by the State and the appellant. We think the facts in this case properly presented a question for the jury, and the trial court properly covered this in its oral charge, to which there was no exception, and submitted this to the trial jury. Wall v. State, 49 Ala.App. 285, 270 So.2d 831, and cases cited therein.

### V

Finally, we commend appellant's zealous counsel, who filed a very thorough conscientious brief in appellant's behalf. After discussing all issues, counsel was conscientious enough to admit that he found no error in the rulings of the trial court in this cause.

This court is of the opinion that counsel has fully complied with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and find that counsel's brief and argument fully comports with all that due process requires. Atwell v. State, 49 Ala.App. 207, 269 So.2d 920.

We have carefully examined this record, as required by Title 15, Section 389, Code of Alabama 1940, and find same to be free from error. The judgment is therefore due to be and the same is hereby

Affirmed.

All the Judges concur.