307 So.2d 720

## Willie Frank MITCHELL

v.

## STATE.

### 7 Div. 330.

Court of Criminal Appeals of Alabama.

Feb. 4, 1975.

Burnham, Klinefelter, Halsey & Love and James Allen Main, Anniston, for appellant.

Willie Frank Mitchell, pro se.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury charged the appellant with the first degree murder of Thomas Rawls "by shooting him with a pistol." The Jury found the appellant guilty of manslaughter in the first degree and fixed punishment at imprisonment for five years and one day. The trial court then entered judgment, setting sentence in accordance with this verdict. The appellant was adjudged to be an indigent, and is in this court with a free transcript and court-appointed counsel.

Succinctly stated, the charge in the instant cause arose from a shooting incident, which occurred at the home of Thomas Rawls in the late evening of December 29, 1973. All witnesses to this incident testified that the deceased, Thomas Rawls, and his wife, Doris Rawls, had invited a number of relatives and friends over for a party on Saturday evening. Each of those present on this occasion testified that the parties were drinking and dancing, though the appellant denied that he had consumed any alcoholic beverages. The son of the deceased, Harold Rawls, and two other State witnesses, Thaddeus Thomas and Charlsie Thomas, testified that they saw the appellant leaving the home of the deceased when someone yelled, "Shoot Frank, shoot, kill the s__ o _ b____." This was also verified by State Witness Clyde Ball. Four witnesses saw appellant fire the gun.

Carlos Rayburn testified that death resulted from massive internal hemorrhage, associated with bullet wounds to the right lung. He further testified that the ethyl alcohol content found in the deceased's blood sample was 0.36 grams percent, and with this percentage a person would be considered intoxicated.

At the close of the State's case, the appellant moved to exclude the State's evidence. The appellant then presented the testimony of his mother, brother, sister, and wife, and also testified himself that the deceased and his wife, Doris, were having an argument in the back bedroom of the home on the evening in question, that a cousin, one Lorene Vinson, came back through the living room carrying a shotgun, and all parties then decided they should leave.

Three of the appellant's witnesses testified that Lorene Vinson threw the shotgun into the yard, that it went off, but the appellant had already left the house and was walking down the street with them when they heard the gun go off. All the appellant's witnesses testified that appellant was not armed, nor had he been engaged in the "scuffle" before leaving the deceased's home.

At the close of appellant's testimony, the trial court overruled his motion for a directed verdict. The trial court then gave an extensive oral charge to which no exception was taken, and then gave five written requested charges, and refused eleven others.

We are of the opinion that this was done properly pursuant to Title 7, Section 273, Code of Alabama 1940.

I

As required by law, we have carefully examined this record, and find that the State of Alabama did present a prima facie case and the jury resolved the conflict in the evidence against the appellant, which verdict is amply supported by the testimony of the State's witnesses. Therefore, the overruling of the appellant's motions was correct.

II

In addition to our own careful examination of this record, we have the following "no merit letter" which was filed with

commendable candor by appellant's able counsel. This letter was sent to the appellant, together with a copy of the brief filed in this cause by counsel:

"Mr. Willie Frank Mitchell
Atmore State Prison
Atmore, Alabama 36502

"Re: Willie Frank Mitchell vs
State of Alabama
Appeal to Alabama Court of
Criminal Appeals
Our File: 6933 M

"Dear Mr. Mitchell:

"I was appointed by Circuit Judge Robert M. Parker on September 9, 1974 to appeal your conviction of manslaughter in the first degree, Calhoun County Circuit Court Case No. 6423, to the Alabama Court of Criminal Appeals. I have given your case over sixty hours of research and preparation and have found no reversible error to present to the Alabama Court of Criminal Appeals.

"Enclosed you will find a brief which I have prepared in your case. This brief does not include any propositions of law or argument of the law. I have prepared this for informational purposes for you. Also under separate mailing I am sending you a copy of the transcript of your trial, at my expense.

"In my opinion the trial court properly overruled both motions to exclude made on your behalf and the motion for a directed verdict on your behalf. I base this opinion upon the evidence presented by the State of Alabama in connection with such cases as Gosa v. State, 21 Ala.App. 269 [108 So. 75].

"In regard to the eleven written jury charges presented to the trial court on your behalf which were refused, it is my opinion that they were properly refused. Many of these requested jury charges were covered by the trial court's oral charge and I believe the following cases establish that the trial court properly refused the remainder of the requested written jury charges: Dennis v. State, 112 Ala. 64 [20 So. 925]; Bohlman v. The State, 135 Ala. 45 [33 So. 44]; Gosa v. State, 21 Ala.App. 269 [108 So. 75]; Richardson v. State, 37 Ala.App. 194 [65 So.2d 715]; Hill v. State, 211 Ala. 311 [100 So. 315]; Ledlow v. State, 221 Ala. 511 [129 So. 282]; and Stovall v. State, 34 Ala.App. 610 [42 So.2d 636]. However these are only a few of the cases holding that such charges are properly refused.

"As an attorney I have an obligation to you as my client not to file a brief with the Alabama Court of Criminal Appeals which does not establish any possible reversible error. Also an attorney is an officer of the court and I will not file a brief with the Alabama Court of Criminal Appeals which has no merit to it.

"If you desire further consideration of your case by the Alabama Court of Criminal Appeals you can either file a brief yourself (the brief should be filed no later than January 25, 1975 in the Alabama Court of Criminal Appeals) or you may petition the Alabama Court of Criminal Appeals to appoint you another attorney to file a brief on your behalf. In my judgment you should inform the Alabama Court of Criminal Appeals of your intentions in this regard as soon as possible.

"I have explained all of the above to your mother and father and they appeared to understand what I am doing.

"I wish you the best of luck in your decision whatever it may be.

"Very truly yours,

James Allen Main

"cg
"Enclosure:
"Copy:
"1. Honorable Aubrey Cates,
Presiding Judge
Alabama Court of Criminal Appeals
Montgomery, Alabama 36102"

■ We commend appellant's able counsel, who filed a very thorough and conscientious brief in appellant's behalf. After discussing all issues, counsel was candid enough to admit that he found no error. This court is of the opinion that counsel has fully complied with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and find that counsel's brief and argument fully comports with all that due process requires. Atwell v. State, 49 Ala.App. 207, 269 So.2d 920; Hill v. State, 51 Ala.App. 515, 286 So.2d 924.

■ Conscientious counsel is not required to "invent legal error." The judgment appealed from is due to be and the same is hereby affirmed.

All the Judges concur.