TYSON, Judge.
The instant appeal is from the denial of a petition for writ of error coram nobis following a hearing in the Circuit Court of Jefferson County, Alabama, Birmingham Division.
The principal contention was that the appellant’s counsel had not properly represented him on appeal of his original conviction for the armed robbery of Gail Lee Hilyar in which the appellant took $139.59 while she was employed at the Omelet Shoppe on the Green Springs Highway in Jefferson County about 2:30 a. m. on February 19, 1975. Following a jury trial, the appellant was found guilty as charged, and punishment was fixed by the jury at ten years imprisonment. The trial court set •sentence accordingly, and an appeal from this conviction was perfected to this Court.
On March 8,1977, this Court unanimously affirmed the robbery conviction without opinion, 6 Div. 165. There was no application for rehearing or further proceedings with reference to this appeal.
I
In light of the appellant’s argument made before this Court in oral argument, we have again carefully reviewed the original trial transcript and make the following observations.
Gail Lee Hilyar and Bonnie Peppers were employed as waitress and short order cook, respectively, at the Omelet Shoppe, located on the Green Springs Highway in Jefferson County, Alabama, on February 19, 1975. The two women were working the night shift when, first, a black male came in and asked for some change for a quarter, which Mrs. Hilyar made, and, as she turned, .a second black male, the appellant, entered the store with a shotgun in his hand, pointed it at the two women and demanded the money from the cash register, telling them to “put your money in a paper bag.” The two women did as they were told and handed the cash register proceeds to the appellant, which included some cash register forms with Omelet Shoppe printed on them (these forms were used when cash was taken from the register “to play the music machine” or other such purposes).
Mrs. Hilyar said she recalled that one of the men was named Carmine and the other Thomas. She stated that she looked at some photographs and viewed some men in a lineup a short time after the robbery, but could not recall the exact length of time after the robbery that she identified the suspects.
Miss Peppers corroborated Mrs. Hilyar’s testimony. See Little v. State, Ala.Cr.App., 357 So.2d 379 (1978), and cases cited; Golston v. State, Ala.Cr.App., 371 So.2d 471 (1979).
Both women stated that there was one other individual in the shop at the time of the robbery. This was a white male named Kenneth, who was having breakfast at the time.
Miss Peppers stated she was unable to identify the appellant, George Joseph Thomas, but did identify another man tentatively at the time of the lineup.
Birmingham Police Officer Steve Donaldson testified he was on duty with his partner, C. M. Limbaugh, working the night shift from 11:00 p. m. until 7:00 a. m., on February 18-19,1975. He stated they were driving out the Green Springs Highway between 2:00 and 2:30 in the morning when they observed a 1964 Maroon Chevrolet automobile parked “crosswise in front of the Omelet Shoppe.” He stated they turned around and drove back toward the Omelet Shoppe. They did not stop, but saw two men run out, jump in an automobile, and start driving away at a high speed. The two officers followed the car for a *1266 short distance, then turned on the blue lights and signaled for them to stop. The automobile speeded up, turned onto Valley Avenue, West, across Oxmoor Road, then onto Shannon Road, and finally took a right on Wilson Road. The officers remained in hot pursuit, driving from eighty-five to ninety miles per hour, when the occupants of the Chevrolet began to'fire at the two officers with weapons. The two officers then returned the fire. About two and one-half miles down Wilson Road, the occupants ran the car off into a ditch, turning it over.
Officer Donaldson stated that he and Officer Limbaugh never lost sight of the Chevrolet vehicle once they began the chase until it wrecked. .After the car wrecked, one black male jumped out and started up a hill. The two officers ordered him to halt and fired a warning shot. Instead of surrendering, this individual threw his body in front of an oncoming automobile and was killed instantly. The officers then arrested the other two occupants of the vehicle, who came out; one was the appellant, George Joseph Thomas, and the other was Carmine Edwards, whom they identified at a lineup a day or two later. Officer Donaldson found a .38 caliber pistol and three expended shotgun shells inside the automobile, though a shotgun was not found. Also found inside the automobile were a cash drawer with some change, some wrapped coins, and some cash tickets marked “Omelet Shoppe.” The cash drawer, wrapped coins, and cash tickets were placed in evidence. Officer Donaldson and fellow Officer L. E. Strickland stated they removed a roll of bills from the pocket of deceased companion, Thomas Williams. Photographs taken at the scene of the accident were admitted in evidence. These showed that the rear window of the Chevrolet automobile had been shot out and bullet marks were on the rear of the vehicle.
J. 0. Butler, Sr., a coroner for Jefferson County, testified that he went to the scene of the accident on Wilson Road and found evidence of shotgun wounds on the right side of Thomas Williams, and removed $75.42 from his pockets. He stated that the wounds were from shotgun shells, but the cause of death was having been struck by a motor vehicle.
Sergeant Paul Hurst testified that Mrs. Hilyar identified Thomas Williams from photographs the following day as being the person who entered the shop and asked for change.
At the time of trial, there was no motion to exclude the State’s evidence, no request for the affirmative charge, nor was there a motion for new trial challenging the weight and sufficiency of the evidence. In view of this, the weight and sufficiency of the evidence are not presented for our consideration. Alexander v. State, 44 Ala.App. 143, 204 So.2d 486, cert. denied with opinion, 281 Ala. 457, 204 So.2d 488, cert. denied, 390 U.S. 984, 88 S.Ct. 1107, 19 L.Ed.2d 1284; George v. State, 54 Ala.App. 90, 304 So.2d 908 (1974).
Because of the earnest argument made by appellant’s counsel, we have set forth the above evidence to show the complete review made by this Court. See Ellison v. State, 55 Ala.App. 50, 312 So.2d 632 (1975), and authorities therein cited; Baldwin v. State, Ala.Cr.App., 342 So.2d 940 (1977)’. The evidence was sufficient.
II
The fact that this Court does not write a formal opinion, either on review of original appeal, or on post conviction review, should never be construed by the Bench or Bar as a “perfunctory review” by this Court. In Impson v. State, Ala.Cr.App., 339 So.2d 1098 (1976), we find this discussion:
“For the guidance for the Bench and Bar, we note here that frequently this Court does not write opinions on cases involving original appeals or on post conviction review. We are not required to do so in all cases. Title 13, Section 66, Code of Alabama 1940.
“In fact we are advised by representatives of West Publishing Company that more than 4400 appellate opinions are now submitted to them each month from *1267 the various appellate courts in the United States. The fact that this Court does not write an opinion should never be construed as a ‘perfunctory review’ by this Court. Title 15, Section 389, Code of Alabama 1940.
“Whenever eases in the opinion of this Court present no new, novel, or unusual legal questions, the decision usually is no more than a brief order indicating the decision in the case. Title 13, Section 66, supra. All cases submitted to this Court are considered by each member of this Court, including all briefs submitted by the attorneys or the parties. Thus, the fact that a decision only is rendered, rather than an opinion, should be given as much weight as if a full opinion had been written.”
Ill
We have carefully reviewed the original trial transcript once again, as well as the transcript of the coram nobis proceedings, and find that both of these are free of error. In addition, appellant’s counsel, having had an opportunity to review the original transcript, has now filed a “no merit letter” with this Court. We commend counsel for his candor and for the able brief which he filed, setting forth the original evidence and all adverse rulings in the trial court. Conscientious counsel is not required to “invent legal error.” Atwell v. State, 49 Ala.App. 207, 269 So.2d 920 (1972); and Mitchell v. State, 54 Ala.App. 324, 307 So.2d 720 (1975).
We have considered all matters raised and find no error. The judgment is due to be and the same is hereby
Affirmed.
All the Judges concur.