This is an appeal from the denial of a petition for writ of error coram nobis. This court affirmed Dixon Moffett's 1980 conviction for murder without opinion on January 30, 1981.
This appellant subsequently filed a petition for writ of error coram nobis in the trial court alleging that his retained trial counsel was inadequate in representing the appellant at his trial. He states that such counsel was not prepared for trial and had a "lack of zealousness". Appellant further argues that he was not afforded effective assistance by his appointed appellate counsel. He states that such counsel did not comply with the requirements of Anders v. California, 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), when filing a no merit letter. For aught that appears in the record, the trial court denied this petition for writ of error coram nobis without a hearing.
 I
We affirm the trial court's denial of the petition as regards the ineffective assistance of his trial counsel. A review of the transcript does not support this allegation.
In Duncan v. State [Ms. 8 Div. 84, August 28, 1984] (Ala.Crim.App. 1984), Judge Bowen opined that "[i]n Stricklandv. Washington, ___ U.S. ___, 104 S.Ct. 2052, 2064-65,80 L.Ed.2d 674 (1984), the United States Supreme Court held that `the proper standard for attorney performance is that of reasonably effective assistance.'" He further stated that "[t]he Sixth Amendment does not require errorless counsel or counsel judged ineffective *Page 991 
by hindsight. Hoppins v. State, 440 So.2d 1125, 1127
(Ala.Crim.App. 1983)."
Judge Bowen further stated in Duncan an appellant's counsel's performance must be shown to have prejudiced his defense. "The appropriate test for prejudice is stated in Strickland,104 S.Ct. at 2068: `The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Duncan v. State, supra. "In making a determination of prejudice, this Court must consider `the totality of the evidence before the judge or jury.' Strickland, 104 S.Ct. at 2069." Id.
Not only has the appellant failed to establish that the conduct had reduced the trial proceeding to a "farce, sham, or mockery," Robinson v. State, 361 So.2d 1172 (Ala.Crim.App. 1978), but he has also fallen far short of establishing that he was denied "reasonably effective" assistance of counsel as set forth in Strickland. See Harris v. Oliver, 645 F.2d 327 (5th Cir. 1981); Mitchum v. State, 414 So.2d 168 (Ala.Crim.App. 1982); Phelps v. State, 439 So.2d 727 (Ala.Crim.App. 1983). "There is no reason for this Court to believe that `counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result' — the `benchmark for judging any claim of ineffectiveness.' Strickland 104 S.Ct. at 2064." Duncan v.State, supra.
 II
Appellant further argues that he was denied effective assistance of counsel by his appointed appellate attorney. The record reveals that appellate counsel and trial counsel were not the same person.
The appellant contends that his rights were abridged when counsel filed the following no merit letter and further when she failed to insure he received a copy of said letter in time to file a brief on his behalf. Counsel's no merit letter contained the following language: (R. 32).
 "Alabama Court of Criminal Appeals Post Office Box 351 Montgomery, Alabama 36101
"Gentlemen:
 "After receipt and review of transcript in the above-referenced matter, it is my opinion that there is no merit in the appeal. The Appellant was charged with the unlawful and malicious killing of Willie Houston, Sr. with a knife and a blunt instrument.
 "At trial, Appellant was represented by retained counsel. One of the jurors in the venire stated he knew one of the State's witnesses. He was struck from the final jury panel. The evidence adduced at trial was sufficient to show that all elements of the offense were established. The appellant was placed at the scene during the beating by an eyewitness. Her testimony was arguably impeached by the jury's discovery that she had been convicted of a lesser-included offense in juvenile court proceedings arising from the same incident. The appellant took the stand and testified that he had left the State (and why), and that he had not been present when the victim was beaten and killed. Documentary and forensic evidence were properly admitted pursuant to the foundations and predicates laid by the State. It was clearly a jury question as to the credibility of all the witnesses' testimony which they heard and considered. The question was resolved against Appellant; as such, it was well within the jury's province to do so. Finally, Judge Hocklander's charge to the jury covered all points in favor of the Appellant, as well as instructing the jury on the law of a lesser included offense.
 "In view of the conclusions drawn by we as appointed counsel for Mr. Moffett, I am forwarding a copy of this letter brief pursuant to the mandate of Anders v. California, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396.
 "Respectfully submitted "KAREN A. ZOKOFF" *Page 992 
The record reveals that the appellant's copy of such letter was not delivered to him. The envelope which contained such letter was stamped "return to sender." Through no fault of his own, the appellant did not receive a copy of this letter until too late to file a brief on his own behalf.
This court has dealt with the requirements for such no merit letters on several occasions. See Hawkins v. State, 49 Ala. App. 26, 268 So.2d 492 (1972); Mitchell v. State, 54 Ala. App. 324,307 So.2d 720 (1975). This "letter brief" was a sufficient compliance with the mandate of Anders. Counsel set out the arguable instances of error which occurred during trial and correctly concluded that such alleged errors would have been decided adversely to appellant's cause. Our review of the transcript in this cause reveals no errors injurious to this appellant. The trial judge correctly denied the petition for writ of error coram nobis on these grounds.
For the reasons stated, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.