TYSON, Judge.
Thomas Milton Wilson was indicted for the capital murder of one Joe Lee Gilliland, in a two count indictment. Count one of the indictment alleges the appellant committed this murder while he was under the sentence of life imprisonment, in violation of § 13A-5-40(a)(6), Code of Alabama 1975. Count two alleges the appellant committed a murder and had been convicted of murder in the preceding 20 years, in violation of § 13A-5-40(a)(13), Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment.” Following a sentencing hearing, the jury unanimously recommended this appellant be sentenced to “life imprisonment without parole.” The trial judge set sentence accordingly.
On November 22, 1976, Mary Helen Leonard was living in a house trailer in Mobile County with her two sons and the deceased, Joe Gilliland. On that night she went to a local club and saw the appellant *320 there. At approximately 9:00 p.m., she and the appellant left the club and drove to her trailer. When they arrived at the trailer, she found her two sons watching television in the living room and the deceased was asleep in a bedroom.
At this point, Mary Leonard went to her bedroom to change her shoes and the appellant stayed in the dining room.
A few minutes later, Mary Leonard heard a shot and ran to the front of the trailer. Her two sons told her that the appellant had shot the deceased and that he was dead. She then looked out of the window and saw the appellant get in his car and drive away.
Some weeks later, the Decatur Police Department went to a Decatur residence to arrest the appellant on a fugitive warrant. The appellant was in possession of a driver’s license permit bearing the name of the deceased along with other identification of the deceased.
Evidence was presented that the appellant had been convicted of murder in Troop County, Georgia, in May of 1969 and had been sentenced to life imprisonment.
The appellant admits being at the house trailer on the night in question, but denies any involvement in this killing. He stated that he did have a gun that night and he had placed it under the mattress in Mary Leonard’s bedroom. Several minutes later, he was in the kitchen and heard a shot. He fled because he knew he was wanted for escape. The appellant stated he had obtained the deceased’s driver’s license and other identification from one of Leonard’s sons a couple of weeks earlier.
I
In the case at bar, defense counsel makes a thorough recitation of the facts in this case and the adverse rulings to the appellant. However, after quoting the United States Supreme Court’s holding in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he states that, after a conscientious examination of this case, he “has found no error harmful to the Defendant or any error which counsel could in good faith and conscience advance in the client’s behalf.” (Appellant’s brief, page 21). Mitchell v. State, 54 Ala.App. 324, 307 So.2d 720 (Ala.Crim.App.1975) and authorities cited.
This court is now required by An-ders, supra, to determine if this appeal is wholly frivolous. The State clearly established all of the elements of the offense charged and the evidence was sufficient for the jury to conclude that the appellant was guilty beyond a reasonable doubt of this capital offense. A review of the record reveals that the trial counsel was a competent and zealous advocate for his client and a fair and adequate defense was presented at trial. Strickland v. Washington, — U.S. -, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Duncan v. State, 461 So.2d 906 (Ala.Crim.App.1984).
After a careful examination of the record by this court, we can find no error harmful to the appellant or which would affect the substantial rights of this appellant. Therefore, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.