**Thomas Milton WILSON, Petitioner-Appellant,**

v.

**Charlie JONES, Warden, Respondent-Appellee.**

**No. 86–7566**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Sept. 15, 1987.

---

Thomas Milton Wilson, pro se.

Donald Siegelman, Atty. Gen., Martha Gail Ingram, Asst. Atty. Gen., Montgomery, Ala., for Jones.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

CLARK, Circuit Judge:

In a retrial following a reversal of an initial conviction, the appellant, Thomas Wilson, was convicted of murder and sentenced to life imprisonment without parole. Wilson's direct appeal, which raised a number of issues, was rejected by the Alabama Supreme Court. In late 1984, Wilson filed a habeas corpus petition in federal district court. That court dismissed the petition without prejudice for failure to exhaust state remedies. In June of 1985, Wilson filed a petition for a writ of error coram nobis in state court; he raised a number of issues, including the alleged ineffectiveness of his trial and appellate counsel. The trial court rejected the petition, and that ruling was affirmed on appeal. In February of 1986, Wilson then returned to federal district court with a habeas corpus petition. For a second time, the district court dismissed the petition without prejudice, stating that the ineffectiveness issues still had not been properly exhausted. Wilson now appeals the dismissal to this court.

Before reaching the merits of Wilson's arguments on appeal, we consider at the outset the state's argument that this appeal should be dismissed as moot, because Wilson in fact followed the district court's direction and filed a second petition for post-conviction relief raising the ineffectiveness issues. Apparently that petition was denied by the trial court and on appeal. Thus, according to the state, the appeal is moot because Wilson has now exhausted state remedies. We decline to dismiss this case as moot, however, because of our desire to make clear that state remedies had in fact been properly exhausted by the time of the second habeas petition in February of 1986. Wilson properly raised his claims in federal court in February of 1986, and he should not be made to risk any further delay before the claims are considered.

In considering the merits of the appeal, we first note that on direct appeal the Court of Criminal Appeals of Alabama considered and rejected a possible claim of ineffectiveness. *See Wilson v. State*, 460 So.2d 319, 321 (Ala.Crim.App.1984). Thus, even if the claim was not clearly and specifically raised on direct appeal, it was foreclosed after the conviction was affirmed. Moreover, in his petition and briefs on his initial attempt to obtain a writ of error coram nobis, Wilson clearly raised the issue to the state courts. Although the state courts did not fully address Wilson's claims, it did consider and reject them. "The Supreme Court has held that the exhaustion requirement is met when an issue is properly presented to a state tribunal, regardless of how fully that body considers the claim." *Brand v. Lewis*, 784 F.2d 1515, 1517 (11th Cir.1986) (citing *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). In this case, the state courts held that, among other things, Wilson's petition for a writ of error coram nobis "failed to set out facts sufficient to support the granting of the petition." In other

cases, when confronted with similar language, this court has held that the exhaustion requirement was met. *See Griffin v. Wainwright,* 760 F.2d 1505, 1518 (11th Cir. 1985). Based on these precedents, and in light of the record on appeal, we hold that Wilson did properly exhaust his state remedies.

Accordingly, the dismissal by the district court is REVERSED and this case is REMANDED to that court for consideration of the merits of Wilson's claims.

REVERSED and REMANDED.